720 A.2d 1287

**Chadrick Bernard RICE**

v.

**STATE of Maryland.**

**No. 515, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 4, 1998.

Gina M. Serra, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen, Baltimore, and Robert Dean, State's Atty. for Montgomery County, Rockville, on the brief), for Appellee.

Argued before EYLER, SONNER and BYRNES, JJ.

EYLER, Judge.

Chadrick Bernard Rice, appellant, was convicted of felony theft by a jury sitting in the Circuit Court for Montgomery County. The trial court sentenced appellant to five years imprisonment and suspended all but eighteen months. Appellant appeals to this Court and inquires whether the trial court erred in "failing to make an inquiry of the jury when the foreperson announced the jury's verdict as 'guilty with reservations.'" Finding no error, we affirm the judgment of the trial court.

## Facts

Kathleen and Martin Baker's home was ransacked on September 8, 1997. They provided a list of missing property to the police that included three video cassette recorders, a fax machine, a camcorder, jewelry, and a word processor. On September 26, 1997, the police contacted Martin Baker and asked him to go to a certain pawn shop to identify property. He identified three videocassette recorders, a camcorder, and a fax machine as his property. An employee of the pawn shop testified that he had purchased the property from appellant.

## Discussion

Appellant contends that the trial court failed to make an inquiry of the jury when the foreperson announced the jury's verdict as "Guilty with reservations." When the jury rendered its verdict, the following occurred:

THE CLERK: Ladies and gentlemen of the jury, have you agreed upon a verdict?

THE JURY: Yes.

THE CLERK: Who shall say for you?

THE JURY: Our foreman.

THE CLERK: Mr. Foreman, please stand.

In Criminal 81275, how do you find the defendant as to count number one, burglary first degree?

THE FOREPERSON: Not guilty.

THE CLERK: How do you find the defendant as to count two, theft over $300 by taking.

THE FOREPERSON: Not guilty.

THE CLERK: How do you find the defendant as to count two, theft over $300 by receiving stolen property.

THE FOREPERSON: Guilty with reservations.

THE COURT: Excuse me. There is no guilty with reservations. Either guilty or not guilty, sir.

THE FOREPERSON: Guilty.

THE COURT: You may be seated.

You may poll the jury.

When polled, each juror responded affirmatively.

■ Relying primarily on *Bishop v. State*, 341 Md. 288, 670 A.2d 452 (1996), and *Lattisaw v. State*, 329 Md. 339, 619 A.2d 548 (1993), appellant argues that the court's failure to question the foreperson about the verdict, "Guilty with reservations," violated appellant's right to a unanimous verdict. Appellee argues that the issue is not preserved for our review and that the court did not err in any event. Appellant acknowledges that no objection was lodged to the procedure employed by the trial court but argues that none was necessary to preserve the issue for review, or alternatively, that it should be reviewed under the plain error doctrine.

In our view, under the circumstances present here, it was incumbent upon appellant to object to preserve the issue for review. In *Lattisaw*, 329 Md. at 343–44, 619 A.2d 548, the Court of Appeals noted the general requirement of objections on non-evidentiary matters, which is applicable here:

> For purposes of review by the trial court or on appeal of any other ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

Rule 4–323(c). In *Lattisaw*, the State argued that a defective verdict issue was not preserved due to the defendant's failure to object in the trial court. *See Lattisaw*, 329 Md. at 343–44, 619 A.2d 548. The jury was polled in that case, and one juror, when asked if her verdict was the same as the verdict of the jury as a whole, responded "Yes, with reluctance." *Id.* at 341, 619 A.2d 548. Defense counsel asked for a bench conference, but when asked at the bench about the nature of his motion, responded, "I don't have any idea." *Id.* at 341–43, 619 A.2d 548. The Court of Appeals determined that another state-

ment by defense counsel during the bench conference, "I would like to know what reluctance means," and counsel's apparent disagreement with the court's position that the juror's reluctance did not matter, were sufficient under Rule 4–323(c) to preserve the issue for appellate review. *See id.* at 344, 619 A.2d 548.

In the present case, as the State asserts, there was no "hint" of a complaint below on this issue. The verdict, "Guilty with reservations," was ambiguous. Appellant's failure to object to such an ambiguous verdict, assuming the court failed to recognize the ambiguity and took no action on its own, might well be cognizable under the plain error doctrine, or alternatively, this Court might review it as a violation of the fundamental right of a criminal defendant to a unanimous verdict, secured by Article 21 of the Maryland Declaration of Rights.[1] The trial court recognized the ambiguity, however, and took steps to correct it. Appellant's constitutional right to a unanimous verdict was not violated, as all twelve jurors agreed on a verdict when polled. If appellant felt that an ambiguity remained, that the result had been coerced, or that additional action was necessary, it was incumbent upon appellant to make that known. Consequently, the issue is not preserved and the court's actions do not amount to plain error. *Cf. Trimble v. State,* 300 Md. 387, 397, 478 A.2d 1143 (1984) (stating that plain error doctrine is invoked only when the "error complained of was so material to the rights of the accused as to amount to the kind of prejudice which precluded an impartial trial").

---

1. Article 21 of the Maryland Declaration of Rights provides in full:

> That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence; to be allowed counsel; to be confronted with the witnesses against him; to have process for his witnesses; to examine the witnesses for and against him on oath; and to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty.

Indeed, were the issue before us, we would find no error because the ambiguity was cured in a non-coercive manner, and the resulting verdict as announced by the foreperson was confirmed by each juror in his or her own words. Both *Bishop* and *Lattisaw* involved inconsistent responses from individual jurors when polled as to their verdict. In both cases, the purported verdict of the jury was delivered by the foreperson, but when polled individually, one juror in each case expressed ambiguous agreement with the verdict as announced. *See Bishop,* 341 Md. at 289, 670 A.2d 452; *Lattisaw,* 329 Md. at 341, 619 A.2d 548. The Court of Appeals reversed the judgment in each case. The Court concluded in *Bishop* that the trial court's actions may have compelled a particular response from the juror, *see* 341 Md. at 294, 670 A.2d 452, and in *Lattisaw* that the trial court had inappropriately failed to exercise its discretion to attempt to cure the juror's ambiguous response. *See* 329 Md. at 347, 619 A.2d 548.

In *Bishop,* the third juror questioned in the initial poll responded "uhh, reluctantly, yes." 341 Md. at 289, 670 A.2d 452. There was an immediate bench conference, during which defense counsel said, "when he initially came out and was questioned is there a verdict, I thought I heard the juror say no and then when the court asked and who shall say for you that juror didn't respond." *Id.* at 289–90, 670 A.2d 452. The trial court decided simply to poll the jurors again from the beginning, whereupon the third juror responded affirmatively and without equivocation. *Id.* at 290, 670 A.2d 452. Noting that the first two jurors had responded affirmatively during the first poll, the Court of Appeals determined that the trial court's action may have compelled "the reluctant juror . . . to give the response that had proven acceptable." *Id.* at 294, 670 A.2d 452.

In *Heinze v. State,* 184 Md. 613, 42 A.2d 128 (1945), a simple verdict of "guilty" was announced by the foreperson in a trial charging two inconsistent crimes. *Heinze,* 184 Md. at 615, 42 A.2d 128. The clerk asked, "Guilty on the first count, not guilty on the second count?" *Id.* The foreperson answered,

"Yes." *Id.* When polled, each member of the jury confirmed the verdict of "Guilty on the first count, not guilty on the second count." *Id.* at 616, 42 A.2d 128.

The Court stated that the initial pronouncement of the verdict was "fatally defective," and that,

> Where a verdict is ambiguous, inconsistent, unresponsive, or otherwise defective, it is the duty of the trial judge to call the jury's attention to the defect and to direct them to put the verdict in proper form either in the presence of the court or by returning to their consultation room for the purpose of further deliberation.

*Id.* at 617, 42 A.2d 128 (citing *Ford v. State*, 12 Md. 514, 546 (1859)). The Court added that "if the defendant is not prejudiced, the verdict may be amended in substance in open court under the direction of the judge, provided that the jury assent to the verdict as amended." *Id.* at 619, 42 A.2d 128.

As in the present case, the defective verdict in *Heinze* was corrected by a presentation of the defect to the jury, and a subsequent polling of the jury resulting in unanimous confirmation of the verdict as amended. Although the Court concluded that the defect in *Heinze* was purely technical, the clerk in that case had suggested a particular amendment to the verdict, that the verdict of "Guilty" should apply only to the first count. In the case at bar, though initially there was no obvious way to cure the defective verdict, "Guilty with reservations," the trial court instructed the foreperson that the verdict must be either "guilty or not guilty," thus suggesting no particular result. Without expressing confusion or misunderstanding, the foreperson restated the verdict of the jury as "Guilty." This unambiguous guilty verdict was unanimously confirmed by each juror in turn.

It is plain from these facts that the action of the trial court in seeking correction of the ambiguous verdict in open court was not erroneous. While correcting a defective verdict in open court is not as "safe" as requiring the panel to retire and reconsider its verdict with the benefit of additional instructions, a trial court has discretion to seek correction in

open court under *Heinze,* "provided that the jury assent to the verdict as amended." 184 Md. at 619, 42 A.2d 128.

Furthermore, the result of the jury poll secured the appellant's right to an unanimous verdict. *See Smith v. State,* 299 Md. 158, 166 n. 6, 472 A.2d 988 (1984). Both *Bishop* and *Lattisaw* are distinguishable from the present case, because the ambiguity in those cases arose from a variance in the individual jurors' responses when polled.

The paramount importance of a jury's unanimous expression of the verdict when polled was underscored in *Ford v. State,* 12 Md. 514 (1859). When the jury in that case was polled, the foreperson proclaimed the verdict "Guilty of murder in the first degree," but each successive juror simply replied "Guilty." *Ford,* 12 Md. at 548. The Court concluded that all twelve members of the jury had not agreed on the verdict and reversed the conviction of first degree murder. *See id.* As in *Bishop* and *Lattisaw,* apparent dissent among individual jurors when polled cast doubt on the verdict announced by the foreperson and ultimately mandated reversal.

No such dissent is evident in the case at bar. We conclude that the trial court instructed the foreperson as to the necessary form of the verdict, without suggesting that he reach a particular verdict. The foreperson's immediate choice of "Guilty" garnered assent from each remaining member of the jury. Thus, the jury rendered a unanimous verdict.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**