REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2735

September Term, 2012

DAVID BRIGHTWELL

v.

STATE OF MARYLAND

Meredith,
Woodward,
Friedman

JJ.

Opinion by Woodward, J.

Filed: July 1, 2015

David Brightwell, appellant, was convicted by a jury sitting in the Circuit Court for Somerset County of two counts of armed robbery, use of a handgun in the commission of a felony, and a variety of other offenses related to his participation in a 1996 gas station robbery. Appellant was sentenced to a total of fifty years' incarceration. In an unreported opinion filed on March 30, 1999, this Court affirmed appellant's convictions. Appellant subsequently filed a *pro se* motion to correct an illegal sentence, which the circuit court denied. Appellant noted a timely appeal from that denial and presents the following question for our review, which we have rephrased for clarity:[1]

> Did the trial court err by denying appellant's motion to correct an illegal sentence?

_____

[1]Appellant's question as stated in his brief is as follows:

> Did the circuit court in denying appellant's motion to correct an illegal sentence, pursuant to Maryland Rule 4-345(a) and motion to reopen his Petition for Post-Conviction Relief, clearly err as a matter of law, when:
>
> A.     The circuit court erroneously concluded that appellant issues of an illegal sentence is a proper subject for appellate review on direct appeal and, having failed to raise the issue on direct appeal. Petitioner has waived the right to bring this issue under the guise of a motion to correct an illegal sentence, denying appellant's motion?
>
> B.     The circuit court erroneously concluded that appellant [sic] issues filed to reopen his Petition for Post-Conviction Relief, to raise the proposed allegation of an illegal sentence, as this allegation was not raised on appeal, nor was this allegation raised at the first post conviction hearing, this allegation has been waived, and did not consider appellant's issues in their entirety.

For the reasons which follow, we shall affirm the judgment of the circuit court.

## FACTS AND PROCEEDINGS

As a preliminary matter, the State urges us to dismiss appellant's appeal for failing to comply with the requirements of Maryland Rule 8-503 by filing a 49-page, hand-written brief without leave of this Court or in the alternative to require appellant to file a brief in conformity with the Rules. *See* Md. Rule 8-503(g). The State also seeks dismissal of appellant's appeal because appellant failed to append to his brief "the pertinent part of" the ruling and order "that deals with the points raised by the appellant on appeal."[2] *See* Md. Rule 8-504(b). The State cites to *Rollins v. Capital Plaza Associates, L.P.,* 181 Md. App. 188, 203 (2008) (noting that the appeal was dismissed because of violations of rules of appellate procedure). We agree that appellant has violated a number of our procedural rules. Although appellant is a *pro se* litigant, he is still required to follow the appellate rules. "Dismissal of an appeal for nonconformity with these rules is, however, discretionary." *In re Joshua W.*, 94 Md. App. 486, 491 (1993); s*ee* Md. Rule 8-503(g). We shall exercise our discretion and deny the State's motion to dismiss this appeal.

We adopt a portion of the factual background from this Court's unreported opinion in *Brightwell v. State*, No. 502, September Term 1998 (filed March 30, 1999), slip op. at 1-3.

> On August 14, 1996, three men participated in the robbery of Richards' Exxon, located a few miles south of Princess Anne, Maryland. Charles T. Richards, the owner of Richards' Exxon,

---

[2] In his reply brief, appellant did append to his brief copies of pertinent orders.

testified that he opened his gas station that morning at approximately 6:55 a.m. While Richards was reading the morning paper, a man approached him and asked him for change for the snack machine. After Richards gave the man some change, he went back to reading his paper. Richards stated: "The first thing I know he was right behind me and behind the counter right up to me where there was nothing I could do." Richards claimed that the man "worked [him] over pretty good"; the assailant beat him with a pistol, threatened to kill him, tied him up with rope, and put him in the lady's restroom at the service station. The robber also removed approximately $700 or $800 dollars from Richards's pants pocket. According to Richards, "someone else" was with the assailant.

\* \* \*

One of the robbers demanded the combination to the service station's safe. When the robbers were unable to open the safe, the assailant who had previously hit Richards threatened to kill Richards and [a customer, Robert] Dorsey. The robber then untied Richards and Richards opened the safe. At that time, Richards could see that there was another person in the service station, but he was unable to see that person's face because he had blood in his eyes from the beating.

After Richards opened the safe, he was again tied up and put back in the restroom, and the robbers instructed Richards and Dorsey not to come out for five or ten minutes. According to Richards, the men took three to four hundred dollars out of the cash register and over five thousand dollars from the safe.

In a trial ending on September 29, 1997, appellant was tried on charges related to his involvement in the noted robbery. At the conclusion of appellant's trial, the following colloquy occurred when the jury returned with its verdict:

THE CLERK:          Ladies and gentlemen of the jury, are you agreed upon your verdict?

THE JURY:           We have.

3

| | |
|---|---|
| THE CLERK: | [Appellant], will you stand. |
| [APPELLANT]: | (complying). |
| THE CLERK: | Ladies and gentlemen of the jury, in case 97-CR-04909, victim Charles Richards, count number one, armed robbery what say you? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number two, robbery? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number three, assault with intent to murder? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number four, assault? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number five, battery? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number six, handgun use felony? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number seven, false imprisonment? |
| THE FOREMAN: | Guilty. |
| THE CLERK: | Count number eight, theft, three hundred dollars plus? |

4

THE FOREMAN:       Guilty.

THE CLERK:         Count number nine, conspiracy?

THE FOREMAN:       Guilty.

THE CLERK:         In case number 97-CR-04910, victim Robert Lee Dorsey, in count number one, armed robbery?

THE FOREMAN:       Guilty.

THE CLERK:         Count number two, robbery?

THE FOREMAN:       Guilty.

THE CLERK:         Count number three, assault with intent to murder.

THE FOREMAN:       Guilty.

THE CLERK:         Count number four, assault?

THE FOREMAN:       Guilty.

THE CLERK:         Count number five, battery?

THE FOREMAN:       Guilty.

THE CLERK:         Count number six, handgun use felony?

THE FOREMAN:       Guilty.

THE CLERK:         Count number seven, false imprisonment?

THE FOREMAN:       Guilty.

THE CLERK:         Count number eight, theft, three hundred

5

dollars or less?

THE FOREMAN:         Guilty.

THE CLERK:         Ladies and gentlemen of the jury, harken to your verdict as the court hath recorded it. In case number 97-CR-04909, victim Charles Richards, count number one, guilty; count number two, guilty; count number three, guilty; count number four, guilty; count number five, guilty; count[] number six, guilty; count number seven, guilty; count number eight, guilty; count number nine, guilty.

In case number 97CR04910 victim, Robert Lee Dorsey, count number one, guilty; count number two, guilty; count number three, guilty; count number four, guilty; count number five, guilty; count number six, guilty; count number seven, guilty; count number eight, guilty.

Ladies and gentlemen of the jury, harken to your verdict as the court hath required of you, your foreman says that you find [appellant] guilty. And so say you all.

THE COURT:         All right. [State's Attorney] do you have any record on [appellant]?

Thereafter, on February 26, 1998, the court imposed the following consecutive sentences: twenty years' imprisonment for appellant's armed robbery of Richards; ten years' imprisonment for his use of a handgun in the commission of a felony, as it related to his crimes against Richards; and twenty years' imprisonment for his armed robbery of Dorsey; all sentences were to run consecutively. Appellant's remaining convictions were merged for

6

sentencing purposes.

On August 15, 2012, appellant filed a motion to correct an illegal sentence. In his motion, appellant noted that the record reflected that the jury at his trial was never polled and "did not hearken to its verdict." He asserted that such was a violation of Md. Rule 4-327 and a denial of his right to a unanimous verdict. Accordingly, he insisted that the verdict against him was invalid and, therefore, his sentence was illegal.

On November 8, 2012, the trial court denied appellant's motion.

## DISCUSSION

Appealing the denial of his motion, appellant asserts that the trial court erred by failing to order a poll of the jury and, further, that the record does not indicate that the jury hearkened to its verdict. More specifically, appellant asserts that the record does not reflect the jury's response to the clerk's statement: "And so say you all." As a result, appellant maintains, there was a violation of Md. Rule 4-327(e) and a "deni[al] [of] his constitutional right to a unanimous [verdict] by the jury[.]" Appellant insists that the noted errors may not be the subject of harmless error analysis and that his sentences were illegal because the verdicts of conviction were invalid. Accordingly, appellant asks this Court to "determine whether the verdict met the requirements of Md. Rule 4-327(a) and (e)" and requests "a hearing so that proof of [his] allegations . . . may be offered."[3]

---

[3]Also in his brief, appellant made assertions as to the ineffectiveness of his trial, appellate, and post-conviction counsel, as well as error by the trial court in his post-
(continued...)

The State responds that the jurors were properly hearkened as to their verdicts. A unanimous verdict of the jury was announced by the foreman and the jury was subsequently hearkened by the clerk. No dissenting responses were given. Therefore, the State concludes that the trial court correctly denied appellant's motion to correct an illegal sentence.

Maryland Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time." Challenges to the legality of a sentence, however, are

> limited to those situations in which the illegality inheres in the sentence itself; *i.e.*, there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful.

*Chaney v. State*, 397 Md. 460, 466 (2007) (citations omitted).

Sentences corresponding to verdicts of conviction that were not properly finalized have been, under certain circumstances, held to be illegal. *See Jones v. State*, 384 Md. 669,

---

[3](...continued)
conviction proceedings. In the motion to correct illegal sentence that is the subject of this appeal, however, he merely contended that his trial counsel had been ineffective by not requesting a poll of the jury and by failing to object to "the clerk's failure to hearken properly"; he did not mention appellate or post-conviction counsel. *See* Md. Rule 8-131(a) ("Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court. . . ."). As our analysis in this opinion will make clear, there was no failure to hearken the jury. Moreover, a motion to correct illegal sentence is not the appropriate mechanism through which to claim ineffective assistance of counsel. *See State v. Wilkins*, 393 Md. 269, 273 (2006) (stating that "a motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the imposition of judgment and sentence in a criminal case"). Our opinion in this case, therefore, will address only appellant's claims related to the finalization of his verdicts of conviction.

686 (2005). The Court of Appeals has explained the process by which a verdict is finalized, and its importance, as follows:

> [T]he return of a verdict by a jury has been comprised of three distinct procedures, each fulfilling a specific purpose. After the jury returned to the jury box to deliver its verdict, the foreman, speaking for the jury, orally answered the inquiry of the clerk and stated the verdict to the trial court. . . . A poll of the jury is conducted to ensure the unanimity of the verdict prior to its entry on the record. The underlying requirement of a final verdict is that it be unanimous. . . .
>
> * * *
>
> After polling, the third step occurs when the jury is hearkened to its verdict as the traditional formality announcing the recording of the verdict. . . . It is in the absence of a demand for a poll that a hearkening is required for the proper recordation of a verdict. . . . Traditionally, hearkening removed the case from the jury's consideration; however, because the parties and the trial court retain the right to poll the jury until its discharge after hearkening, where polling the jury follows its hearkening, the poll of the jury performs the same function.

*Id*. at 682-84 (citations and internal quotation marks omitted); *see also* Md. Rule 4-327(a) ("The verdict of a jury shall be unanimous and shall be returned in open court."); Md. Rule 4-327(e) ("On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the sworn jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.").

In *Jones*, the Court held that, when a verdict of conviction was not announced in open court, along with the other convictions in the case, and the jury was not polled and did not

9

hearken to its verdict, the sentence that corresponded to the unannounced conviction was illegal. 384 Md. at 685-86.

The case at bar, however, is distinguishable from *Jones,* because the verdicts of appellant's convictions were announced in open court and properly hearkened. With respect to the failure to poll the jury, appellant did not request a poll and so none was conducted. The Court of Appeals has stated:

> A defendant has the absolute right to poll the jury. As this Court asserted over a century ago in *Williams v. State*, 60 Md. 402, 403 (1883): "[A defendant is] entitled, as a matter of right, to a poll of the jury, and he [may] not be convicted, except upon the concurrence of each juror." In order to exercise the right to poll, the defendant must request to poll the jury. Md. Rule 4-327(e).

*Jones*, 384 Md. at 683 (alterations in original) (some citations omitted).

"As a matter of protocol, hearkening has been the standard practice in Maryland for more than 100 years, when a jury renders a verdict in a criminal case." *State v. Santiago*, 412 Md. 28, 31 (2009). As to the hearkening of the jury in the instant case, the record shows that the clerk directed the following query to the jury:

> Ladies and gentlemen of the jury, harken to your verdict as the court hath required of you, your foreman says that you find the defendant guilty. And so say you all.

"Essentially, hearkening requires the trial court to inquire in open court, before the jurors are discharged, whether the jury agrees with the verdict just announced by the foreperson." *Id.* Regarding whether an affirmative response from the jury is required in order to finalize a verdict, the Court of Appeals stated in *Givens v. State*:

10

The forms adopted in a criminal trial are of importance, inasmuch as they have a strong tendency, by their solemnity, to impress upon all who are engaged in it, the interesting and highly responsible nature and character of the duties which devolve on them respectively.

This is a good reason for retaining many of those forms which are observed because they are established; in this respect, it is true that forms are substance. And in *Commonwealth v. Gibson*, 2 Va. Cas. 70, it was held, that after the verdict is rendered by the jury and read in open court, it is the **duty of the clerk to direct the jury to "hearken to their verdict as the court hath recorded it, and if none of the jury express their dissent the verdict stands as recorded;"** that until the assent of the jury is expressed in this way, or by a poll, the jury has a right to retract; and that the verdict is not perfected until after the jury has expressed their assent in one of these ways.

76 Md. 485, 486-87 (1893) (emphasis added).

With respect to the form and necessity of hearkening the jury, the Court continued:

The officer then . . . on the record [ ] again addresses the jury: Hearken to your verdict as the court hath recorded it. You say that [name of accused] is guilty (or not guilty) of the matter whereof he stands indicted, and so say you all. While this form is applicable to felonies, yet it applies to all criminal cases . . . .

\*\*\*

We are therefore of the opinion that as it has been the uniform practice in this State, in criminal cases, to observe this form in the rendition of verdicts, the practice should be continued and not changed.

*Id*. at 487-88 (internal quotation marks omitted).

We are persuaded that in the instant case the clerk of the court did exactly what was required in order to finalize the verdicts against appellant. Each verdict was announced to the jury as recorded by the clerk, at the conclusion of which the jury was asked if they all

11

agreed. Even though the transcript does not reflect a response from the jury, it is clear from the subsequent actions of the trial court, as well as the silence of defense counsel, that the jury either expressed their unanimously agreement in a non verbal way or failed to indicate any dissent to the announcement of the verdicts. Therefore, we hold that appellant's sentences were not illegal, as they stemmed from verdicts that were announced in open court and properly hearkened to the jury. Accordingly the circuit court did not err by denying appellant's motion.

> **JUDGMENT OF THE CIRCUIT COURT FOR SOMERSET COUNTY AFFIRMED; APPELLANT TO PAY COSTS.**