REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2341

September Term, 2014

_____

RODERICK COLVIN

v.

STATE OF MARYLAND

_____

Graeff,
Friedman,
Zarnoch, Robert A.
    (Retired, Specially Assigned),

JJ.

_____

Opinion by Zarnoch, J.
Dissenting Opinion by Friedman, J.

_____

Filed:  November 30, 2015

In this appeal, we consider what constitutes an illegal sentence when a challenge is made to the unanimity of a jury verdict.

In 1989, Appellant Roderick Colvin was tried in the Circuit Court for Baltimore City before a jury on numerous charges in connection with the murder of Charles Reese and the attempted murder of Jeanette Coleman. The jury returned a verdict convicting Colvin of felony murder, assault with intent to murder, robbery with a deadly weapon, use of a handgun in the commission of a crime of violence, and wearing, carrying, and transporting a handgun, for which he was sentenced to imprisonment for life plus an additional 20 years. This Court affirmed his convictions in an unreported opinion, and the Court of Appeals denied his petition for certiorari.

In September 2013, Colvin filed a motion to correct an illegal sentence pursuant to Maryland Rule 4-345. He argued that the verdicts supporting his convictions were not unanimous because the jury foreperson was not polled after she announced the jury's verdicts. After a hearing held on May 15, 2014, the circuit court denied Colvin's motion. Colvin filed a timely appeal and now presents the following questions for our review, which we have rephrased:

I. Did the circuit court err in concluding that a defect in the polling process allegedly failing to ensure that the verdict is unanimous is not a cognizable claim that could render Appellant's sentence illegal within the meaning of Rule 4-345(a)?

II. Did the circuit court err in concluding that the foreperson of the jury "is also announcing his or her verdict" when delivering the verdict of the jury as a whole, such that polling of the foreperson is not necessary to ensure jury unanimity?

Because a defect in the return of a verdict may, in certain circumstances, render a conviction a nullity, we hold that the circuit court erred in concluding that Colvin's claim is not cognizable under Rule 4-345(a). However, we hold that the return of the verdict in this case was not improper and accordingly affirm the circuit court's ultimate denial of Colvin's motion to correct an illegal sentence.

## BACKGROUND

On February 3, 1989, Charles Reese was murdered and Jeanette Coleman was assaulted. Four days later, police arrested Colvin and charged him with first-degree murder, attempted murder, assault, robbery, theft, and handgun offenses. After a trial held September 7 through 11, 1989, the jury returned guilty verdicts for the charges of felony murder, assault with intent to murder, robbery with a deadly weapon, use of a handgun in the commission of a crime of violence, and wearing, carrying, and transporting a handgun. Colvin was sentenced to imprisonment for life plus an additional 20 years. This Court affirmed his convictions in an unreported opinion, *Colvin v. State*, No. 1880, Sept. Term, 1989 (filed on September 27, 1990), and the Court of Appeals denied his petition for certiorari, *Colvin-El v. State*, 321 Md. 501 (1991). Subsequently, Colvin filed a motion for post-conviction relief, which was denied on December 18, 2000.

On September 20, 2013, 24 years after his convictions, Colvin filed a motion to correct an illegal sentence pursuant to Maryland Rule 4-345. He argued that because the clerk failed to poll the jury foreperson after the foreperson announced the jury's verdicts, those verdicts were not unanimous and his sentence was illegal under Maryland law.

2

The transcript excerpt below reflects the proceedings at the trial. After completing its deliberations, the jury entered the room and the following colloquy occurred:

| | |
|---|---|
| THE CLERK: | Members of the Jury, have you agreed upon a verdict? |
| THE JURY: | Yes, we have. |
| THE CLERK: | Who shall speak for you? Madam Forelady, please stand. |
| THE COURT: | I think that the Forewoman has asked that Juror Number 3 speak for the Jury. Any objection Counsel?[1] |
| [DEFENSE]: | No, Your Honor. |
| [STATE]: | No, Your Honor. |
| THE COURT: | All right. |
| THE CLERK: | Juror Number 3, please stand. |
| THE COURT: | You selected your own foreperson I see. |
| THE CLERK: | How say you as to Charles Reese under first degree murder, not guilty or guilty? |
| FOREPERSON: | Not guilty. |
| THE CLERK: | Felony murder, not guilty or guilty? |
| FOREPERSON: | Guilty. |
| THE CLERK: | As to Jeannette Coleman, assault with intent to murder, not guilty or guilty? |
| FOREPERSON: | Guilty. |
| THE CLERK: | As to Charles Reese, robbery with deadly weapon, not guilty or guilty? |
| FOREPERSON: | Guilty. |
| THE CLERK: | As to the handgun charge, use of a handgun in the commission of a crime of violence, not guilty or guilty? |

---

[1] Maryland Rule 4-312(h) provides that "[t]he trial judge shall designate a sworn juror as foreperson." We have found no case law discussing the propriety of the jurors selecting their own foreperson.

3

FOREPERSON:     Guilty.

THE CLERK:      Possession of a handgun, not guilty or guilty?

FOREPERSON:     Guilty.

Defense counsel then asked the clerk to poll the jury.

THE CLERK:      Juror Number 1, please stand.  You heard the verdict. Is your verdict the same?

JUROR NO. 1:    Yes.

The clerk repeated this question with each of the other jurors.  The jurors responded, "Yes" or "Same."  The clerk did not ask the foreperson, juror 3, who had just announced the verdict for the jury, if her verdict was the same.  The clerk then harkened the verdicts:

THE CLERK:      As to first degree murder not guilty, as to felony murder guilty, assault with intent to murder guilty, robbery deadly weapon guilty, use of a handgun in the commission of a crime of violence guilty, possession of a handgun guilty and so say you all?

The jury, including the foreperson, responded, "Yes."  The court then dismissed the jury.

Returning to the procedural history of the instant appeal, the circuit court conducted a hearing on Colvin's motion to correct illegal sentence on May 15, 2014.  In an order and memorandum opinion entered on November 20, 2014, the court denied the motion, reasoning that this was not a proper issue to be raised on a motion to correct illegal sentence and, alternatively, that the polling process was adequate.  Colvin appealed the circuit court's decision.

4

**DISCUSSION**

Colvin argues that the failure to poll the jury's designated foreperson in addition to the other members of the jury rendered the verdict non-unanimous. Because a verdict must be unanimous, Colvin's argument continues, his sentence based on a non-unanimous verdict is illegal. The State responds that, despite the fact that jury foreperson was not polled, the polling procedure at issue was not improper, and, further, that there was no indication of a lack of unanimity—the foreperson announced the verdict, the other jurors were polled, and the jury was harkened.

### I. Cognizable Claims under Maryland Rule 4-345(a)

Maryland Rule 4-345(a) allows a court to "correct an illegal sentence at any time." Relief may be granted under Rule 4-345(a) "[w]here the trial court imposes a sentence or other sanction upon a criminal defendant," but "[w]here no sentence or sanction should have been imposed[.]" *Alston v. State*, 425 Md. 326, 339 (2012). In other words, challenges to the legality of a sentence "are limited to those situations in which the illegality inheres in the sentence itself; *i.e.,* there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Brightwell v. State*, 223 Md. App. 481, 489 (2015) (Citation omitted), *cert. denied,* ___ Md. ___ (Sept. 28, 2015).

"Sentences corresponding to verdicts of conviction that were not properly finalized have been, under certain circumstances, held to be illegal." *Id.* (citing *Jones v. State,* 384 Md. 669, 686 (2005)). For example, in *Jones v. State*, the Court of Appeals,

5

on appeal from the denial of a motion to correct an illegal sentence, considered whether the failure to orally announce the verdict in one count constituted an improper return of that verdict. 384 Md. 669, 685 (2005). The Court held oral announcement was required for the verdict to be "final" and that because the verdict was not finalized, any sentence based on that conviction was illegal. *Id.* Unanimity is also required for a verdict to be final. *Caldwell*, 164 Md. App. at 635 (citing *Smith v. State*, 299 Md. 158, 179-80 (1984)) ("[W]hen, upon polling, a verdict is revealed not to be unanimous, there is no verdict."). Extrapolating from *Jones* and *Brightwell*, it is clear that when a verdict is not finalized, any sentence based upon such a verdict is illegal.

In the present case, the circuit court concluded that it could not address the argument in Colvin's motion because his sentence was not inherently illegal. However, we view Colvin's contention as one challenging the unanimity of the verdicts and alleging a failure to finalize the verdicts. Thus, it was not improper here for Colvin to raise this issue in a motion to correct an illegal sentence. We hold that the circuit court erred in concluding that Colvin could not raise this issue under Rule 4-345(a).

However, we must determine if the polling procedure was, in fact, defective in a manner that rendered the verdict non-final rendering Colvin's sentence illegal. This, in turn, requires a discussion of the procedure for "returning" and finalizing a verdict.

## II. Unanimity of the Verdict

A unanimous jury verdict is required by Article 21 of the Maryland Declaration of Rights and, if it were determined that the verdict was not unanimous, that determination would be grounds to vacate a sentence as illegal. *See Brightwell*, 223 Md. App. at 489

(considering a discrepancy in the harkening procedure on an appeal from the denial of a motion to correct an illegal sentence). As stated in *Smith v. State*, 299 Md. 158, 163-64 (1984):

> The underlying requirement of a final verdict is that it be unanimous. "[T]he People of the State of Maryland" declared in what is now Article 21 of the Declaration of Rights of their Constitution: "That in all criminal prosecutions, every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty." This Court explicated this constitutional declaration in *Ford v. State,* 12 Md. 514 (1859):
>
>> "'The verdict is the *unanimous* decision made by a jury and reported to the court, on the matters lawfully submitted to them in the course of the trial.' *Unanimity* is indispensable to the sufficiency of the verdict...." *Id.* at 549, quoting 10 *Bacon's Abridg. Title Verdict,* 306 (emphasis in original).

(Footnote omitted). "Whether a verdict satisfies the unanimous consent requirement is a question that implicates the defendant's state constitutional right, as provided in Article 21 of the Declaration of Rights. Accordingly, the issue is a mixed question of law and fact, which we review *de novo,* considering the totality of the circumstances." *Caldwell v. State*, 164 Md. App. 612, 643 (2005) (citing *Bishop v. State*, 341 Md. 288, 292 (1996); *Lattisaw v. State*, 329 Md. 339, 347 (1993)).

Historically, the return of a verdict by a jury comprised three distinct procedures, each fulfilling a specific purpose. *Jones,* 384 Md. at 682. First, the foreperson orally answers the inquiry of the clerk, stating the verdict of the jury in open court. *Id.* (Citation omitted). Second, the jury is polled "to ensure the unanimity of the verdict prior to its entry on the record." *Id.* (citing *Smith,* 299 Md. at 166). Third, the jury is hearkened to its verdict as a "'traditional formality announcing the recording of the verdict.'" *Id.* at 684

(quoting *Smith,* 299 Md. at 166). Hearkening and polling are conducted to "'secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered.'" *Id.* (quoting *Smith,* 299 Md. at 165).

Sections (a) and (e) of Maryland Rule 4-327 embody the essence of the historical procedure for returning a verdict. *Id.* at 681. Maryland Rule 4-327(a) states that "[t]he verdict of a jury shall be unanimous and shall be returned in open court." Section (e) of Rule 4-327 describes the procedure for polling the jury,

> On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the sworn jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.

Summarizing case law and Rule 4-327, for a verdict to be considered final in a criminal case it must be announced orally, and, if requested, polled or, if no party requested a poll, then harkened. *State v. Santiago*, 412 Md. 28, 38 (2009); *Jones*, 384 Md. at 685-86. However, what constitutes proper polling is not so clear.

A verdict is not considered returned or final where there is an uncorrected discrepancy in the polling process leading to uncertainty as to whether the verdict was unanimous.[2] This potential incongruity in the verdict usually results from the conduct, verbal or otherwise, of one of the jurors that signals to the court that some ambiguity

---

[2] This is opposed to the situation where a trial court takes action to correct a discrepancy in the return of the verdict, as was the case in *Rice v. State,* 124 Md. App. 218, 222 (1998) (holding that trial court acted properly to cure ambiguity in verdict where foreperson announced the jury's verdict as "Guilty with reservations").

exists—*i.e.* there was something short of unanimous agreement among the jurors. *See, e.g., Lattisaw v. State,* 329 Md. 339, 346-47 (1993) (determining that ambiguity existed in the verdict when juror answered, "Yes, with reluctance" in response to poll asking whether jurors agreed with verdict as announced by foreperson).

Colvin argues that in announcing the verdict, the foreperson was speaking for the jury panel and not for herself personally. The logical consequence, Colvin contends, is that if the foreperson speaks only for the panel and subsequently is not polled, then the verdict cannot be unanimous, because the foreperson did not state whether her verdict was the same as the jury's verdict. In an attempt to show that the foreperson announces the verdict for the jury and not for himself or herself individually, Colvin describes numerous cases where it was clear that the foreperson was not announcing his or her own verdict.

However, in each of the cases cited by Colvin, there was a compelling reason to distinguish the verdict as announced by the foreperson from the verdict given individually by the foreperson or another juror upon polling: i.e. the foreperson expressed his or her reservations with the verdict—indicating clearly that the verdict just announced was not his or her own. *See Lattisaw*, 329 Md. at 341, 343-44, (juror responding, "Yes, with reluctance," when asked if her verdict was the same as the verdict of the jury as a whole); *Smith*, 299 Md. at 178 (foreperson, when polled the first time, stating uncertainly, "that the verdicts as she had announced them were her verdicts." and when polled a second time, declaring that her verdict was not the same as the panel's verdict); *Rice*, 124 Md. App. at 223 (foreperson announcing the verdict of the jury as "guilty with

9

reservations"); *Fowlkes v. State*, 53 Md. App. 39, 40 (1982) (foreperson announcing the verdict as, "They say guilty" and indicating uncertainty as to whether she was required to vote on the verdict), *cert. denied*, 295 Md. 301 (1983).

Because members of the jury in these cases expressed reservations with the verdict, it was necessary for the courts to examine the different roles a foreperson may perform. However, these cases do not stand for the proposition that the foreperson is *always* announcing the jury's verdict and *never* her own. Colvin's references to out-of-state cases similarly give him no comfort. None specifically address the issue at hand, nor do any of the cases articulate a rationale for why a foreperson's role announcing the jury's verdict is exclusive of his or her role announcing the verdict for his or herself. *See, e.g., People v. Rosa and Himenez*, 471 N.Y.S.2d 793, 794 (N.Y. Sup. Ct. 1985) (deciding the issue of which juror should become the new foreperson after the initial foreperson became incapacitated); *State v. Vaszorich*, 98 A.2d 299, 313 (N.J. 1953) (holding that each juror upon polling, only needed to indicate agreement with the verdict and did not need to utter any specific language).

Further, we do not agree with Colvin's assertion that when a court has stated or implied that the foreperson speaks for the whole jury panel, that court was espousing the idea that the foreperson speaks for the panel without regard to his or her own view as to the verdict. Indeed, although we have not directly addressed the above issue, when presented with a record where it was clear that the foreperson was not polled along with

the other jurors, Maryland courts have not *sua sponte* held that the verdict was a nullity and consequently that the sentence was illegal.[3]

For example, in *Strong v. State*, neither the parties nor the judges on the Court of Appeals found wanting a polling process in which the foreperson announced the verdict and the clerk polled the other jurors, but did not poll the foreperson. 261 Md. 371, 373-74 (1971), *judgment vacated*, 408 U.S. 939 (1972) (vacating death penalty sentence in accordance with *Furman v. Georgia*, 408 U.S. 238 (1972)). As recounted by the Court:

> When the jury returned to the courtroom after its deliberation the clerk asked: 'Is Cornelius Thomas Strong guilty of the matters wherein he stands indicted or not guilty?' The forelady replied: 'Guilty. Guilty of first degree murder, the first degree.' Appellant's lawyer said: 'Poll the jurors' and the clerk said: 'Juror No. 2, you have heard the verdict as given by your Forelady. Is your verdict the same?' Juror No. 2 replied: 'Yes, it is.' Each of the other ten jurors was asked the identical question by the clerk and each replied 'Yes' or 'Yes, it is.' After juror No. 12 had answered yes, the clerk intoned:
>
> > 'Hearken to the verdict as the Court has recorded it. You say Cornelius Thomas Strong is guilty of murder in the first degree as to Indictment 3029 of the Docket of 1969, and so say you all?'

261 Md. at 373-74. In *Coby v. State*, 225 Md. 293, 299 (1961), the Court, in resolving a challenge to the sufficiency of a unanimity jury instruction, found no difficulty in allowing the conviction to stand on a record that showed "that after the foreman had announced the verdict of guilty, each of the other members of the jury was asked individually if his verdict was the same as that of the foreman and each juror answered

---

[3] Courts have similarly not addressed the specific issue in this case—whether the jury foreperson, after announcing the verdict and on request for polling by the defendant, must also be polled in addition to the other members of the jury.

11

that it was." The Court concluded that this polling procedure "clearly indicated the assent of each juror to the verdict and it had the effect of showing the verdict of the jury to be the 'individual' verdict of each juror." *Id.*

In 1926, the Court in *Duffy v. State* approved of a polling process similar to the one presented in the case presently before us:

> The question presented by the second objection is free from difficulty. When the jury had agreed upon a verdict, they were brought into the courtroom, and the foreman, reading from a paper or memorandum, announced the verdict in each case. The defendant then asked that the jury be polled in each case. The clerk thereupon "proceeded to ask each juror his verdict on the various indictments." After he had taken the verdict of the foreman, under the instruction of the court in polling the other jurors, in each case, he used this formula:
>
> "You have heard the verdict of your foreman; is his verdict your verdict?"

151 Md. 456, 135 A. 189, 195 (1926). The Court concluded: "Without further reference to it, it is sufficient to say that we find no error in that procedure." *Id.*

The Court of Appeals has implicitly approved of the polling procedure in question—*i.e.* where the foreperson announces the verdict and each other juror is asked whether the foreperson's verdict is his or her own. In *Smith v. State*, 299 Md. 158 (1984), the Court, in addressing a double jeopardy issue, had occasion to consider the validity of a jury verdict. The foreperson was actually polled, and the Court observed the following in a footnote:

> When the foreman has announced the verdict, it is sufficient if each of the other jurors when polled declares the verdict thus rendered by the foreman to be his verdict. This is the equivalent of a declaration on the part of each juror that the defendant was guilty (or not guilty) as stated by the foreman. "And this is all the law requires." *Biscoe v. State*, 68 Md. 294, 298-299, 12 A. 25 (1888).

12

*Smith*, 299 Md. at 168 n.10.

Further, in *Biscoe*, 68 Md. at 298, the defendant took exception to the fact that, after the foreperson read his verdict of "guilty of murder in the first degree," the remaining eleven jurors were only asked "Did you hear your foreman's verdict?" *Id.* Each answered, "I did." Then they were each asked, "Is his verdict your verdict?" Each responded, "It is."

The defendant, on appeal, complained that each juror was not asked to state as its verdict, "guilty of murder in the first degree." The Court held:

> Now when the foreman had declared the prisoner to be guilty of murder in the first degree, and then each juror when called declared the verdict thus rendered by the foreman to be his verdict, it was equivalent to a declaration on the part of each juror, that the prisoner was guilty of murder in the first degree. And this is all the law requires.

*Id.* at 298-99.

Even though Maryland courts have not explicitly ruled upon the precise issue in the present case, the above authorities indicate that polling the jurors and not expressly including the foreperson is permissible and constitutes a unanimous verdict. That is, it was accepted practice for the foreperson to announce the verdict, and then upon request for a poll, for the clerk to poll the *other jurors*, asking them whether their verdict was the same as the foreperson's verdict.

In combing through case law from other jurisdictions, we have not come across any case where the exact issue was raised and decided. However, in a somewhat different context, the Supreme Court of North Carolina held that the polling procedure

13

was proper and the jury's verdict was unanimous where the clerk failed to ask the jury foreman whether he personally voted to impose a death sentence. In *State v. Carroll*, 573 S.E.2d 899, 914-15 (N.C. 2002), the poll consisted of the following colloquy:

> THE CLERK: Will the foreman please stand. Mr. Foreman, you have returned as to the answers to the issues and recommendation as to punishment as to the defendant, George Malcolm Carroll, in file number 99 CRS 70909 the following: As to issue one, yes; as to issue two, yes; as to issue three, yes; as to issue four, yes. Is this your recommendation? Do you still assent thereto?
>
> [FOREPERSON]: Yes, I do.
>
> THE COURT: You may have a seat.
>
> THE CLERK: You may have a seat. Juror number one, Maurice Dinkins. The foreman-juror number one, the foreman, Maurice Dinkins, the foreman has returned as its answers to the issues and recommendation as to punishment as to the defendant, George Malcolm Carroll, in file number 99 CRS 70909 the following: As to issue one, yes; as to issue two, yes; as to issue three, yes; as to issue four, yes. The foreman has returned as its recommendation that the defendant be sentenced to death. Is this your recommendation?
>
> JUROR ONE: Yes.
>
> THE CLERK: Do you still assent thereto?
>
> JUROR ONE: Yes.

*Id.* at 914-15. Each remaining jury member was individually polled in this same manner. The court held that "the trial court sufficiently polled the jury foreman to ascertain whether he agreed with the death sentence" because the clerk's question implied agreement with the death penalty verdict, even though "the clerk's questioning of the foreman did not include a reference to the death sentence recommendation[.]" *Id.* at 915.

14

The North Carolina Supreme Court concluded that "the jury poll completely established that every juror agreed with the imposition of the death penalty," despite the discrepancies between the polling of the foreperson and the polling of the other jurors. *Id.*

As the Court of Appeals has stated, "where a jury's verdict as a whole "is ambiguous, inconsistent, unresponsive, or otherwise defective,'" it may threaten the constitutional requirement of a unanimous verdict. *Lattisaw*, 329 Md. at 345-46 (quoting *Heinze v. State,* 184 Md. 613, 617 (1945)). We consider the totality of the circumstances in determining whether a verdict satisfies the unanimous verdict requirement." *Caldwell*, *supra*, 164 Md. App. at 643 (citing *Bishop*, 341 Md. at 292; *Lattisaw*, 329 Md. at 347).

Turning to the facts of this case, we are persuaded that under the totality of the circumstances, the clerk of the court did what was required in order to finalize the verdicts against Colvin. Each verdict was announced in open court by the foreperson, the jury was polled (excepting the foreperson), and the jury harkened to its verdict—voiced by all of the jurors including the foreperson. Reinforcing our conclusion, we note that, with the consent of Colvin's attorney, the jury chose its own foreperson. We find it highly unlikely that the jury would have agreed to designate as foreperson a juror who did not agree with the verdicts she would be announcing. Even though the record reflects that the foreperson was not polled, it is clear that the foreperson agreed with the verdicts.

Thus, under the circumstances presented in this case, we hold that there was no uncertainty as to the unanimity of the verdict. *See Brightwell*, 223 Md. App. at 492 (holding that, based on the subsequent actions of the trial court and the silence of defense

15

counsel, verdict was unanimous even though transcript did not reflect an affirmative response from the jury"). Although it is a better practice for the clerk to poll the foreperson in addition to each of the other jurors, the failure to do so here does not render the verdict a nullity. Therefore, Colvin's sentences were not illegal, as they stemmed from unanimous verdicts that were announced in open court and properly hearkened to by the jury. Accordingly, the circuit court did not err by denying Colvin's motion to correct an illegal sentence.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE DIVIDED EQUALLY BETWEEN APPELLANT AND BALTIMORE CITY.**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2341

September Term, 2014

_____

RODERICK COLVIN

v.

STATE OF MARYLAND

_____

Graeff,
Friedman,
Zarnoch, Robert, A.
  (Retired, Specially Assigned),

JJ.

_____

Dissenting Opinion by Friedman, J.

_____

Filed:  November 30, 2015

I reluctantly dissent from Judge Zarnoch's well-written and well-researched Opinion. I harbor no illusion that Colvin is entitled to the relief that he seeks. Had this case reached this Court on direct appeal, I would join the majority Opinion without reservation. Colvin seeks review, however, pursuant to a motion to correct an illegal sentence under Maryland Rule 4-345(a), which is a privilege with a narrow scope. *Chaney v. State*, 397 Md. 460, 509-10 (2007) ("The scope of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow…"). The procedural error alleged in the instant case is not of the kind or type cognizable on a motion to correct an illegal sentence. Procedural errors in finalizing verdicts do not always cause the sentences corresponding to those verdicts to be illegal. *Brightwell v. State*, 223 Md. App. 481, 489 (2015) ("Sentences corresponding to verdicts of conviction that were not properly finalized have been, under certain circumstances, held to be illegal."). The alleged error of which Colvin complains is not "a substantive error in the sentence itself," which is subject to correction at any time under Rule 4-345(a), but merely "a procedural error," "subject to ordinary review and procedural limitations." *Bryant v. State*, 436 Md. 653, 663 (2014). Accordingly, I would not reach the merits of Colvin's case and would instead, dismiss his appeal.

Of course, there is a chicken-and-the-egg quality to my analysis. If I thought for one minute that Colvin was convicted by a non-unanimous jury, that defect would, in my judgment, render his conviction illegal and, therefore, his claim would clearly be cognizable under Rule 4-345(a). It is only because of my view as to the merits that I would decline to reach the merits. Nevertheless, I think that it is important to reject

Colvin's claim on the basis of the rule, rather than conclusively reaching the merits, lest the scope of the rule be allowed inadvertently to grow larger until every manner and type of claim that can be framed as involving the possibility of illegality is entitled to yet another bite of the appellate review apple. Therefore, I dissent.