*Roderick Colvin v. State*, No. 8, September Term, 2016

**CRIMINAL LAW — SENTENCING — CORRECTING ILLEGAL SENTENCE —** Maryland Rule 4-345(a) permits the courts to correct an illegal sentence at any time. The scope of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow. While substantive claims of an illegal sentence meet the high bar of Rule 4-345(a), procedural claims are not cognizable under this provision.

Circuit Court for Baltimore City
Case Nos. 18906104
            18906105
            18906106
Argued: September 7, 2016

IN THE COURT OF APPEALS

OF MARYLAND

No. 8

September Term, 2016

_____

RODERICK COLVIN

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Greene
Adkins
McDonald
Watts
Getty, JJ.
Harrell, Glenn T., Jr.,
(Senior Judge, Specially
Assigned)

_____

Opinion by Barbera, C.J.

_____

Filed:  December 15, 2016

We examine in this case whether an alleged procedural error in the finalization of a verdict is a cognizable claim under Maryland Rule 4-345(a), which permits the courts of this State to correct an illegal sentence at any time. The scope of this rule, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow. We hold that the procedural error alleged in the present case does not come within the narrow meaning of Rule 4-345(a) and therefore is not a cognizable claim under that rule.

## I.

*The trial, verdict, sentence, and direct appeal.*

Roderick Colvin was tried in 1989 before a jury in the Circuit Court for Baltimore City on numerous charges in connection with the murder of Charles Reese and the attempted murder of Jeanette Coleman. We have no need to summarize all of what occurred at trial. Relevant to this appeal is what took place in the courtroom after the jury completed its deliberations. At that time, the following occurred:

THE CLERK: Members of the Jury, have you agreed upon a verdict?

THE JURY: Yes, we have.

THE CLERK: Who shall speak for you? Madam Forelady, please stand.

THE COURT: I think that the Forewoman has asked that Juror Number 3 speak for the Jury. Any objection Counsel?

[DEFENSE]: No, Your Honor.

[STATE]: No, Your Honor.

THE COURT: All right.

THE CLERK:  Juror Number 3, please stand.

THE COURT:  You selected your own foreperson I see.

THE CLERK:  How say you as to Charles Reese under first degree murder, not guilty or guilty?

THE FOREPERSON:  Not guilty.

THE CLERK:  Felony murder, not guilty or guilty?

THE FOREPERSON:  Guilty.

THE CLERK:  As to Jeannette Coleman, assault with intent to murder, not guilty or guilty?

THE FOREPERSON:  Guilty.

THE CLERK:  As to Charles Reese, robbery with a deadly weapon, not guilty or guilty?

THE FOREPERSON:  Guilty.

THE CLERK:  As to the handgun charge, use of a handgun in the commission of a crime of violence, not guilty or guilty?

THE FOREPERSON:  Guilty.

THE CLERK:  Possession of a handgun, not guilty or guilty?

THE FOREPERSON:  Guilty.

Defense counsel then asked the clerk to poll the jury.

THE CLERK:  Juror Number 1, please stand.  You heard the verdict.  Is your verdict the same?

JUROR NO. 1:  Yes.

The clerk repeated this question with each of the other jurors who had not yet spoken.  All those polled responded, "Yes" or "Same."  The clerk did not ask the foreperson, Juror

Number 3, who had just announced the verdict for the jury, if her verdict was the same.

The clerk then hearkened the verdicts:

> THE CLERK: As to first degree murder not guilty, as to felony murder guilty, assault with intent to murder guilty, robbery deadly weapon guilty, use of a handgun in the commission of a crime of violence guilty, possession of a handgun guilty and so say you all?

The jury, including the foreperson, responded, "Yes." The court then dismissed the jury. At no time during or immediately following the taking of the verdict did defense counsel object to the process. Nor did defense counsel object after the jury was dismissed, seek a new trial, or complain at sentencing about the process.

The jury convicted Colvin of felony murder, assault with intent to commit murder, robbery with a deadly weapon, and the two handgun offenses. For those crimes the court sentenced him to imprisonment for life plus an additional 20 years. Colvin noted a timely appeal to the Court of Special Appeals. Colvin did not challenge the method of jury polling employed by the circuit court nor did he argue that it rendered his sentence illegal. The Court of Special Appeals affirmed Colvin's convictions in an unreported opinion, and this Court denied Colvin's petition for writ of certiorari. *Colvin-El v. State*, 321 Md. 501 (1991). Colvin was denied postconviction relief in December 2000, and his application for leave to appeal was denied in 2002.

*The motion to strike illegal sentence*.

In September 2013, Colvin filed in the Circuit Court for Baltimore City a motion to correct an illegal sentence pursuant to Maryland Rule 4-345(a). He argued, evidently for the first time, that the verdicts supporting his convictions were not unanimous, as required

3

by Maryland Rule 4-327(a), because the jury foreperson was not polled individually after she announced the jury's verdicts. Based on the premise that the verdicts did not reflect juror unanimity, Colvin argued that the sentence in its entirety was a nullity entitling him to have it vacated as substantively illegal.

The circuit court denied the motion. The court ruled as a preliminary matter that the alleged defect in the polling process was not a cognizable claim under Rule 4-345(a). Even so, the court considered and denied the motion on its merits. The court reasoned that the foreperson of a jury, when delivering the jury's verdict, is also announcing the foreperson's own verdict; consequently, polling of the foreperson individually is not necessary to ensure jury unanimity. The court therefore concluded that, because Colvin's claim of conviction on less than a unanimous jury had no merit, his challenge to the legality of the sentence failed at its premise.

Colvin noted a direct appeal to the Court of Special Appeals, which affirmed. *Colvin v. State*, 226 Md. App. 131 (2015). Over the dissent of one judge who would have held that Colvin's claim was not cognizable in a Rule 4-345(a) proceeding, the Court of Special Appeals determined that the claim was cognizable but failed on its merits. The Court of Special Appeals recognized that the sentence would be illegal "if the polling procedure was, in fact, defective in a manner that rendered the verdict non-final." *Id.* at 139. The court concluded, however, that Colvin's sentence was legal because it was not based on a less-than-unanimous verdict. *Id.* at 147. The Court of Special Appeals reasoned that each verdict was announced in open court by the foreperson, the jury panel was then

4

polled (excepting the foreperson, who had just announced the verdict), and the jury was hearkened to the verdict. *Id.*

Colvin filed a petition for writ of certiorari, asking, "Did the Court of Special Appeals err in upholding the circuit court's conclusion that, upon a request for a jury poll, polling the jury foreperson is unnecessary to ensure a unanimous verdict?" The State filed a conditional cross-petition asking, "Is the claimed defect in the polling procedure not cognizable on a motion to correct an illegal sentence?" We granted both petitions, *Colvin v. State*, 446 Md. 704 (2016), and hold that the claim presented by Colvin is not cognizable under Rule 4-345(a). Consequently, we do not address the merits of Colvin's claim.

II.

*The scope of Maryland Rule 4-345(a).*

Maryland Rule 4-345(a) provides: "The court may correct an illegal sentence at any time." The rule "creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court." *State v. Griffiths*, 338 Md. 485, 496 (1995). "If a sentence is 'illegal' within the meaning of that section of the rule, the defendant may file a motion in the trial court to 'correct' it," even if the defendant did not object when the sentence was imposed, purported to consent to it, or failed to challenge the sentence on direct appeal. *Chaney v. State*, 397 Md. 460, 466 (2007). Nevertheless, "[t]he scope of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow." *Id.* (italics omitted). The narrowness of the Rule's scope is reflected in our cases on the subject.

An illegal sentence, for purposes of Rule 4-345(a), is one in which the illegality "inheres in the sentence itself; *i.e.*, there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Id*. at 466; *see also, e.g.*, *Taylor v. State*, 407 Md. 137, 141 n.4 (2009); *Baker v. State,* 389 Md. 127, 133 (2005). "A sentence does not become 'an illegal sentence because of some arguable procedural flaw in the sentencing procedure.'" *Tshiwala v. State*, 424 Md. 612, 619 (2012) (quoting *State v. Wilkins*, 393 Md. 269, 273 (2006)). "[A] motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the imposition of judgment and sentence in a criminal case." *Wilkins*, 393 Md. at 273.

*Baker* provides one example of a claim held not to be cognizable in a motion brought under Rule 4-345(a). In a capital sentencing proceeding, Baker was sentenced to death. 389 Md. at 130. Invoking Rule 4-345(a), he alleged that the sentence was imposed in a racially- and geographically-biased manner. *Id.* at 131-32. The claim relied on an empirical, government-sponsored study of Maryland's implementation of its then-extant death penalty statute. *Id.* We concluded that the claim failed to offer grounds cognizable under the general principles that attend Rule 4-345(a) review.[1] *See id.* at 137.

---

[1] We also considered in *Baker*, 389 Md. at 134-37, a narrow exception that permits review, by way of a Rule 4-345(a) motion, of certain constitutionally based claims of sentencing error in capital cases. We held that this narrow exception did not apply to Baker's claim of an illegal sentence. *Id.* at 137.

Other cases are to like effect, holding the claimed illegality in the sentence was not cognizable under Rule 4-345(a). *See Tshiwala*, 424 Md. at 618 (holding that the complaint that Tshiwala's sentencing review panel did not have jurisdiction to review a motion to reconsider the sentence that panel imposed "clearly does not involve an 'illegal sentence' within the meaning of Rule 4-345(a)"); *Hoile v. State*, 404 Md. 591, 622-23 (2008) (rejecting Hoile's claim that the trial court's not affording the victim an opportunity to speak at Hoile's sentencing rendered his sentence illegal, for purposes of Rule 4-345(a), because the sentence was not "illegal on its face"), *cert. denied sub nom. Palmer v. Maryland*, 555 U.S. 884 (2008); *Wilkins*, 393 Md. at 284 (holding that Wilkins was not entitled to correction of the sentence by way of a Rule 4-345(a) motion, because the life sentence he received was not an "illegal sentence," notwithstanding the judge's failure to recognize his discretion to suspend a portion of a life sentence).

*The present case.*

Colvin argues that the sentence he received in this case is the product of a verdict[2] that was not rendered constitutionally and, as a consequence of that constitutional violation, his sentence is "illegal" for purposes of Rule 4-345(a). This argument flows from Colvin's initial premise, which is that the procedure by which the verdict was returned does not reflect juror unanimity because the courtroom clerk did not include the foreperson in the clerk's polling of the jury. Colvin argues that, without individual polling of the foreperson,

---

[2] Colvin's argument implicates the validity of each of the jury's guilty verdicts and therefore the legality of all sentences imposed. For the sake of simplicity, hereafter we shall use the singular to refer collectively to the separate verdicts and associated sentences.

7

the record does not ensure a unanimous jury. The State disagrees with those contentions and argues in turn that Colvin's claim does not fall within the narrow definition of an illegal sentence because he does not allege any substantive error such that no sentence should have been imposed.

We agree with the State that Colvin's claim is not cognizable under Rule 4-345(a). Colvin correctly foregoes any claim that the sentence is illegal, as that term is defined for purposes of the Rule. That is to say, Colvin does not argue that "there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Chaney*, 397 Md. at 466. He argues, in essence, that an alleged flaw in the *procedure* by which the guilty verdict was received and finalized renders the sentence illegal. Not so.

Colvin does not complain that the foreperson misstated the verdict of the jury. Nor could he, given that all twelve jurors were hearkened to the verdict and agreed to it as announced by the foreperson. *See State v. Santiago*, 412 Md. 28, 38-39 (2009) ("A verdict is not final 'until after the jury has expressed their assent in one of [two] ways,' by hearkening or by a poll." (alteration in original) (citation omitted)). Colvin likewise does not argue that hearkening of the jurors is not an adequate substitute for a poll of the jury. Indeed he could not successfully make that argument because we have made clear that hearkening the verdict "serves the same purpose" as a poll of the jury. *See id.* at 37 (quoting *Smith v. State*, 299 Md. 158, 166 (1984)); *see also id.* at 38 (explaining that hearkening allows "all the jurors [to] assent[ ] to the verdict in the manner in which it had been stated

8

by the foreman and accepted by the [c]ourt." (quoting *Smith*, 299 Md. at 165 n. 5)); *Jones v. State*, 384 Md. 669, 684 (2005) ("Hearkening of the jury to the verdict, like polling the jury, is conducted to 'secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered.'") (quoting *Smith*, 299 Md. at 165)); *Jones v. State*, 173 Md. App. 430, 452 (2007) (holding that hearkening the verdict is required in the absence of a request for polling, noting further that "polling is a fully commensurable substitute for hearkening" (citation omitted)). Colvin likewise does not argue, and our jurisprudence does not require, that both polling and hearkening are required to ensure unanimity. *Santiago*, 412 Md. at 32.

The most that can be said of Colvin's alleged claim is that the record does not reflect, at least as Colvin would argue, a properly conducted polling process. Yet, that allegation, even if true, does not make a substantive allegation of a lack of juror unanimity without more: the additional lack of a proper hearkening of the jury to the verdict. The alleged lack of unanimity of the verdict is the lynchpin of Colvin's argument that the verdict, as rendered, is unconstitutional and therefore a "nullity" upon which no legal sentence can be imposed. Without that lynchpin, the fragile structure of Colvin's allegation of an illegal sentence collapses of its own weight.

Under Maryland law, procedural challenges to a verdict ought be done by contemporaneous objection and, if not corrected, presented through the direct appeal process. Such claims do not come within the purview of Rule 4-345(a). Because Colvin's claim does not implicate the legality of the sentence, it is not cognizable under the Rule.

III.

9

With this case, we reaffirm the rule that only claims sounding in substantive law, not procedural law, may be raised through a Rule 4-345(a) motion. This result avoids suborning the important purpose of Rule 4-345(a) and heeds our extensive precedent on this matter, the important concepts of finality and judicial economy. An alleged procedural error in the taking of the verdict must be preserved by contemporaneous objection and, if not cured at the time, be raised on direct appeal, not through Rule 4-345(a).

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT TO DISMISS THE APPEAL; COSTS TO BE PAID BY PETITIONER.**

10