**HEADNOTES:** *J. Reuben Rainey v. State of Maryland,* No. 1362, Sept. Term, 2011. Opinion by Fader, J.

MD. RULE 4-345(a) – MOTION TO CORRECT AN ILLEGAL SENTENCE

Appellant's claim alleging double jeopardy violation due to successive prosecutions is not cognizable under Rule 4-345(a) because the alleged error inheres in the underlying conviction, not in the sentence. The illegality of an underlying conviction can only serve as the basis for a motion to correct an illegal sentence under Rule 4-345(a) if the trial court lacked the power or authority to convict and, as a result, to impose a sentence.

CRIMINAL LAW – WEIGHT AND SUFFICIENCY OF EVIDENCE IN GENERAL; PRESUMPTION OF REGULARITY OF DOCKETS

Had appellant's claim been cognizable under Rule 4-345(a), there was still sufficient evidence to support the circuit court's factual finding that appellant was not acquitted of lesser-included offenses. The trial court thus did not err in correcting an erroneous docket entry. Although docket entries are entitled to a presumption of regularity, that presumption may be rebutted.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1362

September Term, 2011

_____

J. REUBEN RAINEY

v.

STATE OF MARYLAND

_____
_____

Woodward, C.J.,
Beachley,
Fader,

JJ.
_____

Opinion by Fader, J.
_____

Filed: April 2, 2018

In 1987, a jury convicted the appellant, J. Reuben Rainey, of murdering two women. Now, based on a mistaken docket entry that has since been corrected, he claims that the sentences for his first-degree murder convictions are illegal. The Circuit Court for Baltimore City denied his motion to correct an illegal sentence. We affirm for two independent reasons: (1) the basis of the illegality claimed by Mr. Rainey is not cognizable under Rule 4-345(a), the rule under which Mr. Rainey is proceeding; and (2) we perceive no error in the circuit court's factual finding that the original docket entry was erroneous.

## BACKGROUND

Mr. Rainey's claim centers on a docket entry created during the first of his three 1987 jury trials in the Circuit Court for Baltimore City. The charges then pending against Mr. Rainey included two counts of first-degree murder; two counts of second-degree murder; two counts of manslaughter; two counts of use of a handgun in the commission of a crime of violence; and two counts of wearing, carrying, or transporting a handgun. The docket entry at issue, dated April 20, 1987, states in full:

> 4/20/87- Motion for judgement of acquittal heard as to both charges and denied as to both charges. Davis J. Motion for judgement of acquittal granted as to 2nd degree and manslaughter as to both charges. Davis J.

Mr. Rainey's trial proceeded on the first-degree murder and handgun offenses, but ultimately ended in a mistrial two days later, as the jurors were unable to come to a unanimous verdict. A second trial on the remaining charges also ended in a mistrial. In his third trial, a jury convicted Mr. Rainey of both counts of first-degree murder and both sets of handgun offenses. The court sentenced Mr. Rainey to life imprisonment for each murder count, 20 years' imprisonment for each use of a handgun count, and three years'

imprisonment for the unlawful wearing, carrying, or transporting a handgun counts, all consecutive.[1]

In 2011, Mr. Rainey filed a pro se motion to correct an illegal sentence in the Circuit Court for Baltimore City.[2] On the strength of the April 20, 1987 docket entry, Mr. Rainey claimed that he was acquitted of the lesser-included offenses of second-degree murder and manslaughter, thus rendering his subsequent trials and convictions for first-degree murder a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The circuit court denied Mr. Rainey's motion, and Mr. Rainey timely appealed. After Mr. Rainey, still proceeding pro se, filed his opening brief, the State moved to remand, without affirmance or reversal, to allow the circuit court to conduct fact-finding regarding the docket entry at issue. We granted that motion. Due to the absence of a transcript, we instructed the circuit court, on remand, to hold a hearing, receive evidence, and make factual findings concerning whether the circuit court had in fact granted Mr. Rainey's motion for judgment of acquittal on the charges of second-degree murder and manslaughter. We stayed the present case until the completion of that fact-finding.

---

[1] On direct appeal, in an unreported decision, this Court vacated the convictions for wearing, carrying, or transporting a handgun, finding that they merged into the convictions for use of a handgun in the commission of a crime of violence. *Rainey v. State*, No. 1678, Sept. Term 1987 (July 19, 1988) (per curiam).

[2] This is Mr. Rainey's second motion to correct an illegal sentence. In his first such motion, filed in 2008, he argued that: (1) his sentence was ambiguous; (2) a 2006 clarification of Mr. Rainey's commitment record constituted a modification of sentence that required a hearing; (3) his sentences should be concurrent, not consecutive; and (4) the jury was not properly polled and hearkened. The circuit court denied the motion on all grounds. In an unreported opinion, we affirmed. *Rainey v. State*, No. 1130, Sept. Term 2009 (Apr. 18, 2011).

On remand, the circuit court, Judge Yvette M. Bryant, held an evidentiary hearing at which both of the original prosecutors and Mr. Rainey all testified.[3] The lead prosecutor, Sam Brave, testified regarding the events that surrounded Mr. Rainey's motion for acquittal during the first trial. Mr. Brave testified that he recalled that Mr. Rainey's counsel moved for acquittal on all charges and that the trial court, Judge Arrie Davis, denied that motion as to all charges. Following that denial, Mr. Brave testified, he informed Judge Davis that the State wanted to submit only the first-degree murder charges to the jury, not the second-degree murder and manslaughter charges. He did so to avoid providing the jury with the option of reaching a compromise verdict.

Mr. Rainey testified that he recalled being told by his defense counsel during the first trial that he had been acquitted. In the course of explaining his recollection, however, Mr. Rainey also testified, inaccurately, that the second-degree murder and manslaughter charges were included on the verdict sheet and submitted to the jury, and that he recalled being told of his alleged acquittal only after that occurred.

After the hearing, Judge Bryant made a finding of fact that Mr. Rainey "was not acquitted of second degree murder and manslaughter and that the clerk's entry of April 20, 1987 regarding the judgments of acquittal [was] erroneous." That finding was based both on the testimony of the witnesses and on the behavior of all parties and the court throughout the remainder of the first trial, the two subsequent trials, and the direct appeal. As Judge Bryant pointed out, it would have been highly unlikely that an experienced trial judge,

---

[3] Mr. Rainey's trial counsel is now deceased.

experienced defense counsel, two experienced prosecutors, and appellate counsel on both sides would all have failed to recognize the significance of a judgment of acquittal on lesser-included offenses through three trials and an appeal.

On April 28, 2017, the circuit court's docket was corrected with an entry reflecting the court's finding that Mr. "RAINEY WAS NOT ACQUITTED OF SECOND DEGREE MURDER AND MANSLAUGHTER ON 4/20/1987." This Court then lifted its stay and directed the circuit court to transmit updated docket entries.

In its response brief, filed after this Court lifted its stay, the State relies on the circuit court's finding that the motion for acquittal was not granted as dispositive. In reply, Mr. Rainey, now represented by counsel, argues that the circuit court lacked a sufficient factual basis for its finding on remand.

## DISCUSSION

Mr. Rainey moved to correct an illegal sentence under Rule 4-345(a), which permits a court to "correct an illegal sentence at any time."[4] As an initial matter, we must determine whether Mr. Rainey's claim that his sentence is illegal is even cognizable under Rule 4-345(a). We conclude that it is not, and that even if it were, Mr. Rainey's claim is without merit in light of the circuit court's findings on remand.

This Court reviews denials of motions to correct an illegal sentence de novo. *Blickenstaff v. State*, 393 Md. 680, 683 (2006). In doing so, we "defer to the trial court's

---

[4] Mr. Rainey identifies his sole question presented in this appeal as "Did the lower court err by failing to correct double jeopardy violative illegal sentence?"

findings of fact, and will not disturb those findings unless they are clearly erroneous." *Kunda v. Morse*, 229 Md. App. 295, 303 (2016); s*ee* Rule 8-131(c) ("When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.").

## I.  MR. RAINEY'S CLAIM IS NOT COGNIZABLE UNDER RULE 4-345(A).

Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time." This rule "creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court." *State v. Griffiths*, 338 Md. 485, 496 (1995). To avoid allowing this exception to swallow "the general rule of finality," thus making possible endless and belated attacks on convictions, the scope of Rule 4-345(a) "'is narrow.'" *Colvin v. State*, 450 Md. 718, 725 (2016) (quoting *Chaney v. State*, 397 Md. 460, 466 (2007)). An illegal sentence for purposes of the rule is one "in which the illegality inheres in the sentence itself." *Chaney*, 397 Md. at 466. The Court of Appeals has frequently defined the category of illegal sentence covered by Rule 4-345(a) as limited to where "there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Id.* The Court has accordingly stressed that "'[a] motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the

imposition of judgment and sentence in a criminal case.'" *Colvin*, 450 Md. at 725 (quoting *State v. Wilkins*, 393 Md. 269, 273 (2006)).

Determining whether an illegality "inheres in the sentence itself" is not always straightforward. We previously addressed whether a challenge premised on the alleged illegality of an underlying conviction could fall within the scope of Rule 4-345(a) in *Ingram v. State*, 179 Md. App. 485 (2008). Mr. Ingram was convicted and sentenced for distribution of cocaine after having previously been convicted of simple possession of cocaine arising from the same incident. *Id.* at 489. In a motion brought under Rule 4-345(a), he argued that his sentence for distribution was illegal because constitutional protections against double jeopardy rendered illegal his prosecution and conviction. Mr. Ingram's argument that his sentence was illegal, like Mr. Rainey's contention here, was thus focused not on any aspect of the sentence itself, but on the legality of his underlying conviction. *Id.*

Although we recognized the "facial appeal" of the argument that a sentence based on an illegal conviction must itself be illegal, we rejected reading Rule 4-345(a) broadly enough to cover such an alleged illegality. *Id.* at 505. Otherwise, we concluded, that rule "would permit any defendant who felt unjustly convicted to attack his conviction repeatedly by filing motions alleging that his sentence is necessarily 'illegal' because there was a defect in the proceedings that led to the underlying conviction." *Id.*[5] "Such an

---

[5] In *Ingram*, we distinguished between two types of double jeopardy claims for purposes of Rule 4-345(a). Where there is a claimed violation of double jeopardy by the imposition of multiple sentences for the same crime, the alleged illegality occurs at the imposition of the sentence, and therefore inheres in the sentence and is cognizable under

6

expansive application of" Rule 4-345(a), even if limited to alleged constitutional defects in proceedings that led to the conviction, "would be inconsistent with the position the Court of Appeals has taken with respect to preservation of constitutional claims generally." *Id.* It would also, we reasoned, be inconsistent with statements by the Court of Appeals that generally seemed to limit the scope of illegal sentences for purposes of Rule 4-345(a) to situations in which: (1) there is no conviction to support any sentence; or (2) the sentence at issue is not permitted by the conviction for which it was imposed. *Id.* at 510 (citing *Chaney*, 397 Md. at 466). As a result, we held that "an argument that challenges the merits of a conviction is not properly raised" under Rule 4-345(a). *Id.* at 488; *see also Britton v. State*, 201 Md. App. 589, 598 (2011) ("[*Ingram*] did not allege an error that inhered in the sentence itself . . ., the error in *Ingram* occurred prior to sentencing, not at it. Thus, the error, in *Ingram*, 'relate[d] only indirectly to the sentence.'") (quoting *Ingram*, 179 Md. App. at 509) (internal citations omitted).

Here, Mr. Rainey's challenge, like the challenge in *Ingram*, is to his conviction. Under Mr. Rainey's theory, his acquittal of the lesser-included offenses should have precluded him from even being tried for first-degree murder, much less convicted of it. His challenge to his sentence is thus derivative of his complaint about his conviction. In this respect, our holding in *Ingram* is directly on point and, if it remains valid, controlling.

---

Rule 4-345(a). 179 Md. App. at 507-09 (discussing *Randall Book Corp. v. State*, 316 Md. 315, 323 (1989)). The alleged double jeopardy violation in *Ingram*, by contrast, was a successive prosecution claim. That, we held, is an alleged illegality that occurred at the institution of the second prosecution, was complete before any sentence was imposed and, therefore, inhered in the conviction, not the sentence. 179 Md. App. at 509-11.

At oral argument, however, counsel for Mr. Rainey argued that *Ingram* is inconsistent with three decisions of the Court of Appeals: *Ridgeway v. State*, 369 Md. 165 (2002), *Moosavi v. State*, 355 Md. 651, 662 (1999), and *Johnson v. State*, 427 Md. 356, 360 (2012). We address each in turn.

In *Ridgeway*, the defendant had been convicted of two counts of first-degree assault and three counts of reckless endangerment. 369 Md. at 168. The trial court, however, mistakenly sentenced Mr. Ridgeway on five counts of first-degree assault and did not impose any sentence for the three counts of reckless endangerment. *Id.* at 168-69. Realizing its mistake within a matter of hours, the court called the parties back, vacated the sentences on the three first-degree assault counts for which Mr. Ridgeway was not actually convicted, and imposed sentences of five years on each of the three counts of reckless endangerment. *Id.* at 169. The Court of Appeals rejected Mr. Ridgeway's argument that sentences were illegally imposed twice on the reckless endangerment counts (zero years the first time and five years the second time). On the contrary, the Court held, the trial court's five-year sentences were the first sentences imposed on the reckless endangerment counts. *Id.* at 173-74. Mr. Ridgeway's argument was not premised on an alleged illegality in the underlying conviction, and so provides no support for Mr. Rainey.

In *Moosavi*, the defendant was convicted of violating a statute that "punishe[d] the transmittal of false statements or rumors about the location or detonation of a bomb or explosive." 355 Md. at 653. On direct appeal, this Court concluded that Mr. Moosavi had been charged and convicted under the wrong statute, but we nonetheless affirmed his conviction because the issue had not been raised in Mr. Moosavi's brief. *Id.* at 657-59.

8

The Court of Appeals reversed. Although the Court agreed that the issue had not been preserved, it held that because we had exercised our discretion to address and consider the unpreserved issue, we should not have refused to give Mr. Moosavi the benefit of our ruling. *Id.* at 661. In dicta, the Court offered two "additional reasons" why it would consider the merits of Mr. Moosavi's argument: (1) it could still be raised in a postconviction proceeding based on counsel's failure to have preserved the dispositive issue; and, as relevant here, (2) the Court previously had reviewed an unpreserved claim that a defendant had "been charged and convicted under an entirely inapplicable statute . . . on the theory that the resulting sentence under the inapplicable statute is an illegal sentence which may be challenged at any time." 355 Md. at 661-62 (citing *Campbell v. State*, 325 Md. 488, 508-09 (1992)). Although addressed only in dicta, *Moosavi* thus characterized a sentence as illegal for purposes of Rule 4-345(a) even though the illegality was grounded exclusively in the underlying conviction.[6]

_____

[6] Neither the discussion of the Court of Appeals in *Moosavi* nor its discussion in *Campbell* explain the reasoning behind the Court's conclusion that a sentence based on a conviction under an inapplicable statute is an illegal sentence *for purposes of Rule 4-345(a)*. Like *Moosavi*, *Campbell* also came to the Court on direct appeal, not on a Rule 4-345(a) motion. In *Campbell*, the defendant had been convicted of violating former Article 27, § 287(d), concerning possession of drug paraphernalia. 325 Md. at 508-09. The Court's entire discussion of the applicability of Rule 4-345(a) in that case is:

> Although the petitioner does not raise the issue, it is quite obvious that § 287(d) does not apply and, so, as to the count of which he was convicted, the petitioner received an illegal sentence. Illegal sentences may be challenged at any time, even on appeal. Rule 4-345(a); *Matthews v. State*,

(*footnote continued on next page*)

In *Johnson*, the Court of Appeals held squarely that, at least in the circumstances of that case, a sentence can be illegal for purposes of Rule 4-345(a) where the illegality stems from the underlying conviction. There, a grand jury indicted Mr. Johnson for a number of offenses, but not for assault with intent to murder. 427 Md. at 362-63. Although not in the indictment, assault with intent to murder was included on the verdict sheet, the court instructed the jury on it, the jury returned a verdict of guilty on it, and the court imposed a 30-year sentence for it. Mr. Johnson's counsel did not raise at trial or on direct appeal any argument that his conviction (or sentence) for assault with intent to murder was illegal because the grand jury had not indicted him for that crime. *Id.* at 363. Instead, Mr. Johnson raised that issue only later in a motion to correct an illegal sentence under Rule 4-345(a).

In considering whether it could entertain Mr. Johnson's claim under Rule 4-345(a), the Court of Appeals observed that "[t]here is no simple formula to determine which sentences are 'inherently illegal' within the meaning of" the Rule. *Id.* at 368. However, the Court noted, one type of illegal sentence consistently held as within the scope of Rule 4-345(a) is "'where *no sentence or sanction should have been imposed*.'" *Id.* (quoting *Alston v. State*, 425 Md. 326, 339 (2012)) (emphasis added by *Johnson*). The Court

(*footnote continued from previous page*)

> 304 Md. 281, 288 (1985), citing to *Walczak v. State*, 302 Md. 422, 427 (1985).

*Id.* at 509. Neither *Matthews* nor *Walczak* involved a claim that a defendant was convicted under an inapplicable statute. In *Matthews*, the defendant argued that the trial court's revocation of his probation was illegal. 304 Md. at 284. *Walczak* involved a claim that a sentence requiring restitution to the victim of a crime for which the defendant was not convicted was unlawful. 302 Md. at 427.

summarized a number of cases standing for this proposition, all of which the Court found to involve allegations "that the trial court, for various reasons, lacked the power or authority to impose the contested sentence." *Johnson*, 427 Md. at 370. The Court found Mr. Johnson's claims to be "in the same mold, as he argue[d] that the trial court 'did not have the power to render a verdict and impose a sentence on the uncharged offense of assault with intent to murder.'" *Id.* at 370-71.[7]

On the merits, the Court agreed with Mr. Johnson that he could not be convicted or sentenced for a crime that had not been charged in the indictment. *Id.* at 375. The Court then stated that "[w]hen the illegality of a sentence *stems from the illegality of the conviction itself*, Rule 4-345(a) dictates that both the conviction and the sentence be

---

[7] Although the Court of Appeals found Mr. Johnson's claim that the trial court lacked "power to render *a verdict*" to be in the "same mold" as the cases it discussed, *Johnson*, 427 Md. at 370-71 (emphasis added), only the dicta in *Moosavi* involved a question about the validity of the underlying verdict. The other cases the Court cited all involved claims either (1) that a sentence was imposed even though no conviction supported it, *see Alston*, 425 Md. at 341-42 (claiming that there were no convictions on which sentence could be imposed after postconviction court vacated convictions); *Jones v. State*, 384 Md. 669, 685 (2005) (claiming that there was no conviction on which sentence could legally be imposed because the verdict was never announced orally and, therefore, never became final); or (2) that an aspect of the sentence itself was unlawful, *see Ridgeway*, 369 Md. at 170-171 (claiming sentences being challenged were imposed on convictions for which different sentences had previously been imposed); *Holmes v. State*, 362 Md. 190, 192 (2000) (claiming that home detention was an illegal condition of probation); *Walczak*, 302 Md. at 427 (challenging order of restitution to victim of crime for which defendant was not convicted). These are the two more commonly-recognized categories of illegal sentences. *Chaney*, 397 Md. at 466 (describing scope of Rule 4-345(a) as addressing situations in which "there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful").

11

vacated." *Id.* at 378 (emphasis added). Having concluded that the conviction was illegal, and that the sentence was illegal as a result, the Court directed the circuit court to vacate both. *Id.*

Here we face the question of whether our holding in *Ingram* survives *Johnson*. It seems clear enough that the broadest statement of our holding in *Ingram*, "that an argument that challenges the merits of a conviction is not properly raised by way of a motion to correct an illegal sentence," 179 Md. App. at 488, is inconsistent with the Court's application of Rule 4-345(a) to a case in which "the illegality of a sentence stem[med] from the illegality of the conviction itself," *Johnson*, 427 Md. at 378. But the result in *Ingram* did not necessarily depend on that broad statement of the Court's holding. So the question remains whether *Ingram*'s holding remains applicable to the type of claim that was at issue in that case, and which is at issue here, a claim in which the alleged illegality of a sentence is premised on a double jeopardy violation arising from a subsequent prosecution. We hold that it does.

Critical to our analysis is our conclusion that the Court of Appeals in *Johnson* did not intend to expand significantly the scope of challenges allowed under Rule 4-345(a). Indeed, the Court repeated statements from its prior cases that the scope of Rule 4-345(a) is "narrow," and that an illegality must "inhere in the sentence itself." 427 Md. at 367. The Court also discussed favorably cases in which it had previously denied relief under Rule 4-345(a) where there was "some form of error or alleged injustice," but no inherent illegality relating to an underlying sentence. *Id.* at 367-68 (citing *Matthews v. State*, 424 Md. 503, 513 (2012) and *Montgomery v. State*, 405 Md. 67, 74-75 (2008)). The Court has

also more recently affirmed that Rule 4-345(a) is generally reserved for situations in which "there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed . . . ." *Colvin*, 450 Md. at 725 (quoting *Chaney*, 397 Md. at 466). So we do not read *Johnson* as making illegal for purposes of Rule 4-345(a) *any* sentence that is imposed based on an allegedly illegal conviction.

To the contrary, we read the holding of the Court of Appeals in *Johnson* as limited to situations in which the illegality of the conviction exists because the trial court lacked the "power or authority" to convict. 427 Md. at 371. This interpretation is a fair reading of *Johnson*, in which the Court interpreted the cases on which it relied as involving not mere allegations of trial court error, but assertions "that the trial court, for various reasons, lacked the power or authority to impose the contested sentence." *Id.* at 370. This interpretation also avoids conflict with other decisions of the Court of Appeals stressing that motions to correct illegal sentences are not intended to become alternative methods of belated appellate review. *See, e.g.*, *Colvin*, 450 Md. at 725.

So interpreted, Mr. Rainey's claim does not allege an illegality that "inheres in the sentence" for purposes of Rule 4-345(a). Unlike the conviction in *Johnson*, which the court had no power or authority to impose because the offense had not been charged in the indictment, the questions raised by Mr. Rainey allege a constitutional violation, but not one that deprived the court of the power or authority to convict. Indeed, it is the defendant's burden to raise a double jeopardy claim based on a successive prosecution at the time the violation occurs; if the defendant waives his double jeopardy rights by failing to raise them,

13

the court not only has the power to convict, but the conviction will not be reversed even on direct appeal. *See Taylor v. State*, 381 Md. 602, 627 (2004) (declining to review an unpreserved double jeopardy claim). Allowing Mr. Rainey to raise his claim now would effectively eviscerate the holding of *Taylor* by providing convicted persons who fail to raise double jeopardy claims at the trial court—and even on direct appeal—a belated appeal right. *See Ingram*, 179 Md. App. at 505 (observing that applying Rule 4-345(a) to encompass challenges based on the constitutionality of underlying convictions generally would be "inconsistent with the position the Court of Appeals has taken with respect to preservation of constitutional claims of error generally").

In sum, although the broadest statement of the holding in *Ingram* does not survive *Johnson*, we confirm its specific holding: A claim that a sentence is illegal because the underlying conviction violated double jeopardy protection from successive prosecution is not cognizable under Rule 4-345(a). We therefore affirm the trial court's denial of Mr. Rainey's motion.

## II. THE CIRCUIT COURT'S FINDINGS ARE NOT CLEARLY ERRONEOUS.

Even if Mr. Rainey's allegations were cognizable under Rule 4-345(a), his claim is without merit. On remand, the circuit court found that the docket entry on which Mr. Rainey relies was erroneous, and that Mr. Rainey was not acquitted at his first trial. The circuit court's docket now reflects, in an entry dated April 28, 2017: "THIS COURT FINDS DEFENDANT RAINEY WAS NOT ACQUITTED OF SECOND DEGREE MURDER AND MANSLAUGHTER ON 4/20/1987." Mr. Rainey asserts that there was insufficient evidence to support the circuit court's factual finding that he was not acquitted,

14

but he is incorrect. The testimony of the lead prosecutor supports that finding, as does the course of proceedings that followed the original, erroneous docket entry. As the circuit court noted, for the original docket entry to have been correct, that would mean that an experienced trial judge, two experienced prosecutors, experienced defense counsel, and appellate counsel all overlooked a flagrant double jeopardy violation during three trials and on direct appeal.[8]

Moreover, although docket entries are entitled to a presumption of regularity, and "must be taken as true until corrected," *Coleman v. State*, 231 Md. 220, 222 (1963), they are not sacrosanct, and the presumption may be rebutted, *see, e.g.*, *Shade v. State*, 18 Md. App. 407, 411 (1973) (stating that docket entries may be rebutted by a transcript). It is up to the "court in which the error occurred" to correct any error in the docket. *Coleman*, 231 Md. at 222-23. Here, the trial court properly took evidence on remand, made a factual finding that the docket entry was incorrect, and ordered that it be corrected. We find no error in the circuit court's factual finding or in the correction of the docket. Thus, even if Mr. Rainey's claim were cognizable under Rule 4-345(a), we would affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[8] That Mr. Rainey's direct appeal focused on a different double jeopardy issue—the merger of his handgun convictions, *see* discussion above in footnote 1—renders it that much more unlikely that his appellate counsel simply missed a more glaring and consequential double jeopardy claim.