*Balageas v. Solomon*, No. 1243, September Term 2023. Opinion by Albright, J.

**MORTGAGES AND DEEDS OF TRUST – FORECLOSURE – PROCEEDINGS IN GENERAL – JURISDICTION – SUBJECT-MATTER JURISDICTION**

When a trustee seeks to foreclose a residential property via a power of sale, it is the Order to Docket that establishes the circuit court's jurisdiction over that property. Without a complete Order to Docket, the circuit court's jurisdiction over the property does not attach.

**MORTGAGES AND DEEDS OF TRUST – FORECLOSURE – PROCEEDINGS IN GENERAL – ORDER TO DOCKET – DEED OF TRUST**

Under Section 7-105.1(e)(2) of the Real Property ("RP") Article, a complete copy of the deed of trust must accompany an Order to Docket.

**MORTGAGES AND DEEDS OF TRUST – FORECLOSURE – PROCEEDINGS IN GENERAL – JUDGMENT, ORDER, OR DECREE – OPENING, VACATING, OR SETTING ASIDE – GROUNDS**

If the circuit court lacked jurisdiction over the property as to which the trustees claimed a power of sale, the foreclosure sale is set aside, and the foreclosure action is dismissed without prejudice.

**MORTGAGES AND DEEDS OF TRUST – FORECLOSURE – PROCEEDINGS IN GENERAL – IN GENERAL**

Rule 14-207.1 grants a circuit court discretion to screen papers filed in an action to foreclose. If such documents do not comply with statutory or Rule requirements, the court may notify the parties that the action will be dismissed without prejudice or that some other appropriate order will be entered unless the plaintiff demonstrates within 30 days that the papers are legally sufficient or that the deficiency has been cured.

**APPEAL AND ERROR – NATURE AND GROUNDS OF APPELLATE JURISDICTION – DETERMINATION OF QUESTIONS OF JURISDICTION IN GENERAL**

Appellate courts have the authority to raise and decide the issue of the trial court's subject-matter jurisdiction regardless of whether the issue was raised in or decided by the trial court.

Circuit Court for Anne Arundel County
Case No. C-02-CV-22-001554

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1243

September Term, 2023

_____

KIM BALAGEAS

v.

RICHARD E. SOLOMON, *ET AL.*

_____

Albright,
Kehoe, S.
Eyler, James R.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Albright, J.

_____

Filed: May 2, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This appeal involves a residential foreclosure action against a home owned by Appellant Kim Balageas. Appellees Richard Solomon, Kevin Hildebeidel, Christianna Kersey, Michael McKeefery, and Richard Rogers are the substitute trustees who brought the foreclosure action. Appellees sold the property to a third-party purchaser and the Circuit Court for Anne Arundel County ratified the foreclosure sale. Ms. Balageas timely noted this appeal.

Ms. Balageas presents two questions,[1] which we consolidate and rephrase as follows:

> Did the circuit court abuse its discretion in denying Ms. Balageas's motion to vacate the foreclosure sale and motion for reconsideration?

For the reasons stated below, we answer in the affirmative. Accordingly, we reverse the circuit court's judgment and remand for the circuit court to set aside the foreclosure sale and dismiss the foreclosure action without prejudice.

## BACKGROUND

On May 16, 2005, America's Wholesale Lender extended a loan to Kim and her

---

[1] Ms. Balageas phrased her two questions as follows:

i) Did the Circuit Court err, when it denied the Defendant/Debtor's Motion to Vacate Foreclosure Sale and Strike Report of Sale, allowing the Substitute Trustees to conduct a foreclosure sale without filing the Deed of Trust as part of the Order to Docket the Foreclosure Proceeding?

ii) Did the Circuit Cou[r]t err in denying the Defendant's Motion for Reconsideration without a hearing, when the Defendant's provided sworn proof of the failure to properly serve the Defendants with foreclosure papers.

now-deceased husband, Gerard Balageas. Kim and Gerard Balageas had executed a promissory note and, purportedly, a deed of trust in conjunction with their purchase of the home. The deed of trust, which included a power-of-sale provision, granted and conveyed the subject property in Arnold, Maryland, in trust to CTC Real Estate Services. Ms. Balageas defaulted on the promissory note on December 2, 2021.

Appellees were appointed as substitute trustees in June 2022. On September 16, 2022, Appellees filed the Order to Docket that generated this appeal. Appellees claim that they filed the deed of trust with the Order to Docket package on that date. The circuit court's electronic record, MDEC,[2] does not reflect any deed of trust having been filed on September 16, 2022, however.

An Affidavit of Service executed on September 28, 2022, and filed on October 4, 2022, provides that Ms. Balageas was served by posting on September 27, 2022, and by certified mail on September 29, 2022. A Certificate of Service filed on October 27, 2022, provided that the Final Loss Mitigation Affidavit was mailed to Ms. Balageas on that day. On December 20, 2022, Appellees sold the property to a third-party purchaser.

On January 3, 2023, the circuit court entered an order stating that the Order to Docket was incomplete because the deed of trust was missing. The order provided that "[t]he sale may not proceed until the deficiencies are resolved and confirmed by the Court." The order also indicated that if the deficiency was not cured within thirty days,

_____

[2] MDEC stands for Maryland Electronic Courts.  It is "the system of electronic filing and case management established by the Supreme Court [of Maryland.]" Md. Rule 20-101(m).

2

the case may be dismissed without prejudice. On January 6, 2023, Appellees filed a Line to Cure Deficiency and stated that the deed of trust and the affidavit attesting to its truth and accuracy had been filed with the original Order to Docket. Appellees also claimed that they attached a copy of the deed of trust and the affidavit to the Line to Cure Deficiency. However, only the first eight of twelve pages of the deed of trust were attached as an exhibit to this filing.[3] The incomplete copy does not include the debtor's signature.[4]

On January 18, 2023, Appellees filed the Report of Sale. That same day, Ms. Balageas filed for bankruptcy. On January 25, 2023, the circuit court entered an order staying the foreclosure case pending the bankruptcy case. On March 16, 2023, the stay was lifted by the United States Bankruptcy Court for the District of Maryland.

On March 30, 2023, Ms. Balageas moved to vacate the foreclosure sale and strike the Report of Sale because Appellees "neglected to file a copy of the Deed of Trust, as required by Md. Real Prop. Art. § 7.105.1(e)[.]"

On April 19, 2023, notwithstanding that the deed of trust filed by Appellees was missing pages nine through twelve, the circuit court entered an order stating that the Order to Docket was complete. That same day, the circuit court denied Ms. Balageas's

---

[3] We infer that the complete deed of trust is twelve pages because each of the eight pages included are labeled "Page 1 of 12" (and so forth). In any event, Appellees conceded at oral argument on January 3, 2025, that the document filed on January 6, 2023, was incomplete.

[4] Appellees conceded at oral argument that "the signature page is cut off."

3

motion to vacate. On May 19, 2023, Ms. Balageas filed a motion for reconsideration of the denial of her previous motion to vacate the foreclosure sale. The circuit court denied Ms. Balageas's motion without a hearing on June 2, 2023.

On June 21, 2023, Ms. Balageas filed a notice of appeal to this Court. Appellees moved to dismiss the appeal, which the court granted on July 11, 2023. The order stated that the appeal was dismissed under Rule 8-602(b)(1) because it was a premature appeal from a non-final judgment.

On August 4, 2023, the circuit court ratified the foreclosure sale. On August 22, 2023, Ms. Balageas timely filed this appeal.

Ms. Balageas argues that Appellees' failure to file the deed of trust with the Order to Docket (1) was inconsistent with the requirements of Section 7-105.1(e)(2) of the Real Property Article and Maryland Rule 14-207(b) and (2) deprived the circuit court of subject matter jurisdiction over the foreclosure action. Ms. Balageas asks this Court to reverse the circuit court's denial of her motion to vacate the foreclosure sale.

Appellees disagree, arguing that "[w]hether or not the Deed of Trust was filed is not a matter of subject matter jurisdiction, but rather a procedural deficiency that was cured on January 6, 2023." Appellees therefore contend that the circuit court's denial of Ms. Balageas's motion to vacate and motion to reconsider must be affirmed because she was required to have raised such a procedural deficiency prior to the sale in the form of a motion to stay or a motion to dismiss.

## STANDARD OF REVIEW

Rule 8-131(a) provides that the issue "of jurisdiction of the trial court over the

4

subject matter . . . may be raised in and decided by an appellate court whether or not raised in and decided by the trial court." Md. Rule 8-131(a).

We review a trial court's decision to deny a motion to vacate or a motion for reconsideration under an abuse of discretion standard. *See 101 Geneva, LLC v. Wynn*, 435 Md. 233, 242 (2013) ("[T]he vacatur of a foreclosure sale . . . is a judicial decision affecting the rights and interests of litigants, and, as such, it is generally within the discretion of trial judges to rule on the matter.") (cleaned up); *see also U.S. Life Ins. Co. in City of New York v. Wilson*, 198 Md. App. 452, 464 (2011) (explaining the standard of review for a motion for reconsideration). We review the trial court's legal conclusions de novo. *Granados v. Nadel*, 220 Md. App. 482, 501 (2014); *see also Wilson*, 198 Md. App. at 464 ("A decision that is legally incorrect is an abuse of discretion.").

**DISCUSSION**

Because Appellees did not include a copy of the deed of trust with the Order to Docket, and did not cure that deficiency when notified to do so, it was an abuse of discretion to deny Ms. Balageas's motion to vacate the foreclosure sale and her motion to reconsider that decision. Without the deed of trust, the Order of Docket was not complete, and without a complete Order to Docket, the circuit court did not acquire jurisdiction over the property as to which Appellees claimed a power of sale.

When a substitute trustee seeks to foreclose a particular property via a power of sale, it is the Order to Docket that establishes the circuit court's jurisdiction, or authority, over that property. *Saunders v. Stradley*, 25 Md. App. 85, 95 (1975) ("We are satisfied that an 'order to docket' is not a pleading. This is so in spite of the fact that it is the

5

delivery of the order to the clerk which gives the equity court jurisdiction over the mortgaged property when a power of sale is being exercised."); Md. Rule 14-203(b) ("The court's jurisdiction over the property subject to the lien attaches when an action to foreclose is filed."). An Order to Docket, along with the exhibits that must be attached to it, "establish the lien, debt, default, and the right and ability to foreclose." Alexander Gordon IV, *Gordon on Maryland Foreclosures* 255 (Ronald Deutsch & Jeffrey Nadel, eds., 5th ed. 2021); *see also Huertas v. Ward*, 248 Md. App. 187, 211 (2020) ("[A]n order to docket must be accompanied by copies of the documents that demonstrate the plaintiffs' right to foreclose[.]").

The exhibits that must accompany an Order to Docket are listed in Section 7-105.1(e) of the Real Property Article. The deed of trust is one of those exhibits. Md. Code Ann., Real Prop. ("RP") § 7-105.1(e)(2) (providing that "[a]n order to docket . . . shall . . . [b]e accompanied by: (i) [t]he original or a certified copy of the mortgage or deed of trust"); *see also Svrcek v. Rosenberg*, 203 Md. App. 705, 714 n.5 (2012) ("An order to docket must include, among other documentation: a copy of the deed of trust[.]").

Here, there is no record of a complete copy of the deed of trust having ever been filed with the circuit court, as is required by RP § 7-105.1(e)(2)(i). On January 3, 2023, the circuit court entered an order stating that the Order to Docket was incomplete because it did not include the deed of trust. The circuit court also notified Appellees that if the deficiency was not cured, the case may be dismissed without prejudice. *See* Md. Rule

6

14-207.1(a).[5] On January 6, 2023, when Appellees filed a purported Line to Cure Deficiency, the copy of the deed of trust that Appellees attached was incomplete. It contained only the first eight of twelve pages. As such, this filing did not cure the deficiency that the circuit court identified on January 3, 2023. Therefore, the circuit court erred on April 19, 2023, when it entered an order stating that the Order to Docket was complete. Without a complete deed of trust included in the Order to Docket, the circuit court's jurisdiction over the property did not attach.

In an attempt to overcome this conclusion, Appellees argue that their failure to include the deed of trust with the Order to Docket was merely a "procedural deficiency" that Ms. Balageas failed to challenge in a timely manner. We disagree. Plainly read, Section 7-105.1(e)(2) requires that "a certified copy of the mortgage or deed of trust" accompany the Order to Docket, not a partial copy. This statutory prerequisite, satisfied only by a full and complete copy, establishes the circuit court's jurisdiction over the property. Appellees' failure to meet this requirement resulted in the circuit court lacking such jurisdiction.

---

[5] Maryland Rule 14-207.1(a) grants a circuit court discretion in such matters and provides, in pertinent part:

> If the court determines that the pleadings or papers filed do not comply with all statutory and Rule requirements, it may give notice to the plaintiff and each borrower, record owner, party, and attorney of record that the action will be dismissed without prejudice or that some other appropriate order will be entered by reason of the non-compliance if the plaintiff does not demonstrate within 30 days that the papers are legally sufficient or that the deficiency has been cured.

Md. Rule 14-207.1(a).

Appellees also argue that they filed the deed of trust with the original Order to Docket on September 16, 2022. This argument does not help because the deed of trust that Appellees claim they filed does not appear in the electronic docket entries of the case. Electronic docket entries are presumed to be accurate. *See Rainey v. State*, 236 Md. App. 368, 383 (2018) ("Although docket entries are entitled to a presumption of regularity, and must be taken as true until corrected, they are not sacrosanct, and the presumption may be rebutted.") (cleaned up); *see also Black v. State*, 426 Md. 328, 337 & 342 (2012) (noting that "there is a presumption of regularity which normally attaches to trial court proceedings" and that "there is a strong presumption that judges and court clerks, like other public officers, properly perform their duties") (cleaned up). Although Appellees here claim that they filed the deed of trust with the Order to Docket, they did nothing in the circuit court to overcome the presumption of accuracy. Appellees' arguments here do not suffice to do so.

Because the circuit court lacked jurisdiction to proceed without the complete deed of trust, the circuit court abused its discretion in denying Ms. Balageas's motion to vacate the foreclosure sale and her subsequent motion for reconsideration. Accordingly, we reverse and remand for the circuit court to set aside the foreclosure sale and dismiss the foreclosure action without prejudice.

> **JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.**